## FOGARTY v. SAWYER.

UNDER the Act of 1850 (Stat. 1850, 114) relating to Notaries Public, the acknowledgment of a Notary taken under his private seal, was valid if it was stated in the acknowledgment that the Notary had not obtained a public seal.

A mortgage on real estate containing also a power of sale, if recorded in the Recorder's office of the county, in the proper book of record of mortgages, imparts constructive notice of its contents, both as a mortgage and a power of attorney, and it is unnecessary to record it in the book of record of powers of attorney.

Where a mortgage contains also a power of sale, and names the mortgagee as the attorney in fact to make the sale, the sale is not invalidated from the fact that the attorney employs the services of an auctioneer to make the sale for him.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts of this case which are not stated in the opinion of the Court, will be found in the former report of the same case (17 Cal. 589). The defendant recovered judgment and the plaintiff appealed.

*E. A. Lawrence*, for Appellant.

The first objection of appellant was, that the power of attorney under which Zimmerman acted, had not been proved. The Court will notice that the originals were not produced. (Prac. Act, Sec. 447.) The power is embraced in a mortgage from Markwart to Zimmerman, of which only a certified copy was introduced from the records. This instrument purports to have been acknowledged before James Van Ness, a Notary Public, under his private seal. This, we claim, did not entitle the instrument to be recorded.

The Act of 1850 concerning Notaries (Laws of 1850, 114, Sec. 89), requires the Notary to have an official seal; but until he can procure one, to use his private seal. About six weeks later the act concerning conveyances was passed. Sec. 5 says: "Such certificate (of acknowledgment) shall be, when granted by an officer who has a seal of office, under the hand and official seal of such officer."

" Sec. 18. A certificate of the acknowledgment of any convey-
ance, signed by the officer taking the same and under the seal of
the officer, shall entitle such conveyance to be recorded."

This last act requires acknowledgments to be verified by an offi-
cial seal, where the law has provided the officer with an official seal,
and does not authorize a Notary to use his private seal, but neg-
atives that right, at least as to acknowledgments.   The six weeks
intervening between the passage of the two acts may have been
deemed sufficient by the Legislature to permit Notaries to procure
seals.   At any rate, that act as well as this Court, in the case
of *Hastings* v. *Vaughn* (5 Cal. 318), require the official seal.
(*Hinckley* v. *O'Farrell*, 4 Blackf. 185.   (Every Notary is pre-
sumed in all countries to have a notarial seal.   An acknowledg-
ment of a Notary not attested by a seal, is invalid.   (*Booth* v.
*Cook*, 20 Ill. 129.)

Thus the mortgage being improperly admitted to record, the
certified copy proved nothing, and the record conveyed no notice.

The power of attorney was not recorded as a power of attorney,
but simply as a mortgage.   The power to convey the land at public
sale, is not a part of the mortgage, but a separate and independent
instrument.   (*Fogarty* v. *Sawyer*, 17 Cal. 589 ; *Alsop* v. *Car-
penter*, 21 Id.)   Thus, according to our Registry Act, it must
be recorded as a power of attorney, in order to impart notice.
(Wood's Dig. 103, Secs. 27, 28, 36, 24 ; Id. 607, Secs. 12–14.)
Record of it as a mortgage is not notice.   (*Dey* v. *Dunham*, 2 J.
C. 188 ; same case on appeal, 15 J. R. 155 ; *James* v. *Morey*,
2 Cowen, 246.)   Thereby filing it for record is not enough.   It
must be recorded, and when recorded the record has relation back
to the time of filing the deed for record.   (Wood's Dig. Art. 362,
Sec. 25 ; Id. Art. 361, 363 ; *Jarvis* v. *Aikin*, 25 Vt., 2 Deane,
635.)

" Filing for record, and recording, are distinct acts, and the
former is not equivalent to the latter under the statute."   (*Scott*
v. *Doe*, 1 Hemp. 275.)   Hence, registry of a mortgage for $3,000
as a mortgage for three hundred dollars, was held valid against
a subsequent *bona fide* purchaser for only three hundred dollars.
(*Buckman* v. *Frost*, 18 Johns. 544.)   So a record of mortgage,

without recording signature of mortgagor, which was recorded afterward, held to be notice only from time of recording signature. (*Shephard* v. *Burkhalter*, 13 Geo. 443.)  So, where the record misdescribed the name of the grantor (as McRinnie for McKennie), it is not sufficient to prove a compliance with the Registration Act.  (*Jones* v. *Parks*, 22 Ala. 446.)  So, recording a deed with defeasance back, as a deed instead of as a mortgage, above cited.  (*Dey* v. *Dunham*, 2 J. C. 188; same case on appeal, 15 J. R. 155; *James* v. *Morey*, 2 Cowen, 246; *Chamberlain* v. *Bell*, 7 Cal. 292.)

*G. F. & W. H. Sharp*, for Respondent.

The mortgage was properly admitted to record.  The sufficiency of the acknowledgment is apparent from the appellant's own brief. The Notary Public Act was passed March 27th, 1850, and the Conveyancing Act April 16th, 1850.  Not six weeks intervening, as stated by appellant.  Sec. 8 of the Notary Public Act allows the officer to use a private seal until an official seal can be procured. It does not appear when the officer was appointed a Notary; *non constat*, it was the day before he took the acknowledgment.

The mortgage was not required to be recorded as a power of attorney.  At Common Law, a power to convey land was not required to be recorded at all.  Our statute does not require it.  It simply requires conveyances to be recorded to operate as notice to third persons coming in relation with the title.

"Sec. 24.  Powers of attorney are not defined as conveyances to be recorded, but are expressly excluded by the statute itself."

"Sec. 36.  An estate in the land is not created, aliened, mortgaged, or assigned, by force of a power of attorney itself.  It is only the means as a power by which the same can be done."

If the recording of the mortgage as a power of attorney, was essential, it was done.  Sec. 25 of the Conveyancing Act declares, that by the filing with the Recorder for record, notice is imparted to subsequent purchasers.  By filing the instrument for record the mortgagee did all the law required of him.  He had no power to transcribe the same in any book.  If the appellant has been injured his remedy is against the Recorder.  The cases cited by the appel-

Fogarty *v.* Sawyer.

lant are upon a statute different from ours; hence, wholly inapplicable.

COPE, C. J. delivered the opinion of the Court—NORTON, J. and CROCKER, J. concurring.

This is an action to recover a fifty-vara lot, in the City of San Francisco. The parties deraign title from the same source—the plaintiff under a conveyance executed in June, 1854, and the defendant under a sale made in October, 1852, in pursuance of a power contained in a mortgage. The validity of this power, and its effect as authority for the sale, were determined on a former appeal. (17 Cal. 589.) The same questions are again presented, but we regard the former decision as conclusive. In addition to these, however, various questions are raised by the appellant, relating principally to the registration of the mortgage and certain alleged irregularities in the sale.

Instead of the original mortgage, the defendant read, in evidence, a certified copy from the records of the county, and it is objected that the certificate of acknowledgment was not sufficient to admit the mortgage to record. The point of the objection is, that it was given by a Notary Public under his private seal. It states, however, that the Notary had not obtained an official seal, and the statute then in force provided that, in such cases, a private seal might be used. (Stat. 1850, 114.) The objection is, therefore, covered by the statute, the effect of which was to give to the private seal of the Notary, when properly used in the business of his office, the force of an official seal. The point that the record of the mortgage was insufficient as a record of the power of sale, is not well taken. It is based upon the twelfth and thirteenth sections of the Act concerning County Recorders. The twelfth section provides, that it shall be the duty of the Recorders, upon the payment of their fees for the same, to record certain instruments, specifying in several subdivisions the instruments to be recorded. The first subdivision includes deeds, mortgages, powers of attorney to convey real estate, and leases. The thirteenth section provides, that "the several classes of instruments, mentioned in the several subdivisions of the preceding section, shall be recorded

in separate books." It is claimed that mortgages and powers of attorney belong to separate and distinct classes; and that a mortgage containing a power of sale must be recorded not only as a mortgage, but as a power of attorney. This, we think, is not the proper construction of the statute. We regard the classes as indicated by the subdivisions, each subdivision constituting a class. Of course, the instruments ,named in a particular subdivision may be recorded in separate books; but a separate record is not essential, either as notice or for purposes of evidence. It is admitted that the instrument in this case, considered as a mortgage, was recorded in the proper book; and, so far as the question of notice is concerned, the record was undoubtedly notice of what the instrument contained. Whether the record of a deed, executed in pursuance of an unrecorded power, will impart notice, it is not material to decide.

In respect to the sale, it is objected that there was no publication of notice, and that it was not conducted by the attorney named in the power. There is nothing in either of these objections. By the terms of the instrument, no publication was required; but if one were necessary, the evidence shows that it was made. The proof is not very definite; but considering the time that has elapsed, we regard it as sufficient. The sale was made under the direction of the mortgagee, who was the person empowered to make it. The fact that he employed the services of an auctioneer is no ground for saying that the sale was not conducted by himself. It appears that he was absent when the sale was made, but this alone is not sufficient to defeat the title.

Some additional points are taken, but we regard them as untenable.

The judgment is affirmed.