## JAMES B. McMINN *v.* MOSES O'CONNOR, RICHARD F. RYAN, AND JANE HOGAN.

ACKNOWLEDGMENT OF A DEED. — A consular agent of the United States in a foreign port, on the 15th of January, 1859, or prior thereto, was not empowered to take and certify the acknowledgment of the execution of a deed conveying real estate in this State.

CERTIFICATE OF ACKNOWLEDGMENT OF DEED. — A certificate of the acknowledgment of the execution of a deed is defective if it does not state that the person making the acknowledgment is known to the officer, or proved to him to be the person described in and who executed the same.

CERTIFIED COPIES OF DEEDS AS EVIDENCE. — Copies of deeds duly filed for record in the Recorder's office of the proper county, or which, after having been duly filed for record, have been recorded in the proper book of records, are admissible in evidence in all Courts and in all actions and proceedings with the like effect as the originals could be if produced, upon proof of the loss of the originals, or that they are not in the power of the party offering the copies.

DEEDS DULY RECORDED. — Deeds not properly acknowledged or proved, but filed for record or recorded in the proper book of the proper county, are not duly filed for record or duly recorded.

CERTIFIED COPY OF RECORDED DEED NOT DULY ACKNOWLEDGED AS EVIDENCE. — A certified copy of a deed filed for record, or recorded in the proper book of records prior to the Act of April 30, 1860, but which was not acknowledged or proved as required by law, is not admissible in evidence without proof being first made that the original deed was genuine, and was, in truth, executed by the grantor or grantors therein named.

DEED NOT DULY ACKNOWLEDGED, EXECUTED AND WITNESSED IN A FOREIGN COUNTRY. — Where a deed not properly acknowledged is executed and witnessed

by a subscribing witness in a foreign country, proof that it was executed by the grantor is sufficient to entitle it to be received in evidence without producing the attesting witness, or accounting for his absence, or proving his handwriting.

EVIDENCE OF TITLE ACQUIRED PENDING LITIGATION.—If the defendant in an action to recover possession of real estate has acquired title to the demanded premises pending the litigation, evidence of this fact cannot be introduced, unless it is pleaded as a defense in a supplemental answer.

CERTIFICATE OF PURCHASE AS EVIDENCE.—A certificate of purchase of real estate, executed by a Sheriff on a sale made by virtue of an execution issued on a judgment, is incompetent as evidence to establish any right, either legal or equitable, to the possession of the premises therein described.

DISCRETION OF COURT IN ALLOWING AMENDMENTS.—If the defendant in an action to recover possession of real estate has acquired title to the demanded premises pending the litigation, and has not pleaded such title in a supplemental answer, and for that reason his evidence of such title is excluded by the Court, it is not an abuse of the discretion of the Court to deny his application made during the trial, to be allowed to amend his answer so as to obviate the objection.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*John W. Dwinelle, J. McM. Shafter,* and *Edmond L. Goold,* for Appellants, confined their argument to the question whether the Court erred in excluding the judgment roll and proceedings in the District Court of the Twelfth Judicial District, in the case of *Gleason* v. *Maume and others.*

*Edward Tompkins,* also for Appellants.

I. The certified copy of deed from Maume to Dundon, under which plaintiff made title, was improperly admitted in evidence, because—

1. The original was not shown not to be in possession of plaintiff, nor was it in any manner accounted for.

2. The original, if it had been produced, could not have been admitted in evidence, because—

3. The officer does not certify that the person making the acknowledgment was either known or proven to him to be either Matthew Maume or Matthew Waldron Maume. He was, therefore, wholly unidentified, and there is no guaranty whatever that the real Matthew Maume ever saw, and much less executed the pretended deed.

4. The officer who made the certificate had no power to take the acknowledgment. A " Consular Agent " is not one of those authorized by our statute to take acknowledgments. He is not a consul, vice consul, or even a *deputy* consul. He is a local agent, *appointed* by the *consul* to discharge certain specific duties, and having no general powers. But if this was otherwise, yet a consul has no power to depute a special authority given to him by statute, and that does not itself authorize him thus to delegate it.

There was also a subscribing witness, " P. Lynch," and his signature was not proven or accounted for in any manner. Had the deed itself been produced, it could *only* have been omitted after *both* were proven. It will not be pretended that the copy was *better* than the original would have been! If so, then a party unable to prove his deed has only to lose it, get a certified copy, and avoid the difficulty.

It will not be pretended that the original could have been read until the signatures of the grantor and the witness were both proven.

II. The tax deed to Ryan was improperly excluded. The only objection was, that it had not been set up by supplemental answer, and the right under it had accrued subsequent to the commencement of this action. It was not necessary to set it up at all. It proved (as it was not objected to for insufficiency, or on any other ground than that it was after the commencement of this action) that another party was the owner of a part of the lot at the time of the trial. The statute provides for the case where the plaintiff's title has terminated after the suit is commenced, and directs that the judgment shall be according to the fact.

Here the plaintiff recovered by this decision of the Court, the *whole lot*, and *damages* for its *detention*, when evidence, the validity of which was not questioned, was offered, that proved that as to a part, his title had terminated, and he had no right to its possession. If there could be any doubt as to its admissibility on the first ground, there can be none as to defendants' right to put it in evidence in reduction of damages. He would

yet be liable to Ryan for the use of his part of the lot, and thus would be compelled to pay for it twice. (See particularly *Tustin* v. *Faught*, 23 Cal. 237; *Moore* v. *Tice*, 22 Cal. 513.)

*G. F. & W. L. Sharp*, for Respondent.

The statute of 1860, (p. 358,) provides " that instruments embraced in section one of the Act, may be read in evidence, under the same *circumstances and rules* as are now or may be hereafter provided by law for using copies of instruments duly executed and recorded; provided, that proof shall be first made that the instruments, copies of which it is proposed to use, were *genuine* instruments, and were in truth *executed* by the grantor or grantors therein named."

The existence and genuineness of the original was conclusively established.

*No objection was taken that the existence of original was not proven by the best evidence, that is, by the subscribing witness.* Hence, such an objection cannot be taken for the first time in this Court. (*Doe* v. *Ross*, 8 Dowl. 389.)

The statute does not require such proof, and the construction sought to be placed upon it would take all force from the statute, because the proof insisted upon would prove the instrument without the aid of the statute.

It was absurd to contend that proof must be offered as to the signature of the subscribing witness, on the introduction of a *certified copy.* (*Jackson* v. *Vail*, 7 Wend. 125.)

This Court has dispensed with proof of the subscribing witness, even when original is introduced. It requires only proof of the signature of the *"party to be charged,"* which is the sensible rule. (*Hurlburt* v. *Jones*, 25 Cal. 225.)

Again: The deed was executed out of the jurisdiction of the Court—*beyond seas.* Both the grantor, grantee, and subscribing witness, were at the time of trial in Ireland, which, in itself, dispensed with all other proof *even at common law.* (1 Green. on Ev., §572.)

The certified copy was also admissible, independent of the statute of 1860, under *Mott* v. *Smith*, 16 Cal. 552.

The tax deed offered by appellants was properly ruled out, because it was not pleaded. (*Hastings* v. *McKinley*, 1 E. D. Smith, 273.)


By the Court, Currey, J.

Ejectment for one hundred vara lot Number Three Hundred and Nine, in the City of San Francisco. Both parties claim the property as derived from one Mathew Maume, the common source of title. The plaintiff claims under a deed from Maume to one Michael Dundon, dated January 15, 1859, and a deed from Dundon to himself, dated May 10, 1861. The defendants claim through a Sheriff's deed bearing date the 11th of June, 1861, made in pursuance of a sale under an execution issued upon a judgment in favor of one Timothy Gleason against said Maume, rendered on the 27th of October, 1860.

The plaintiff at the trial offered in evidence a certified copy of the deed from Maume to Dundon. But to lay a proper foundation for admitting in evidence a copy of the deed under the second section of the Act supplementary to the Act concerning conveyances, passed April 30, 1860 (Laws 1860, page 357,) the plaintiff proved by a witness that he had seen a deed in the hands of Dundon which was executed by Maume, of which the certified document offered in evidence was a copy. The defendant objected to the introduction of the same in evidence, on the ground that the certificate of acknowledgment of the deed was not by an officer authorized by law to make it, and also that the certificate was in form and substance insufficient.

The acknowledgment purported to have been made before, and certified by Michael R. Ryan, styling himself " Consular Agent of the United States for the port and district of Limerick." When this was done a Consular Agent was not an officer empowered by the statute, concerning conveyances, to take and certify the acknowledgment of the execution of a

deed conveying real estate, and therefore this certificate was ineffectual as evidence. Besides this, it was radically defective, as it failed to show that Maume was known to the officer or proved to him to be the person described in or who executed the conveyance. But, notwithstanding the insufficiency of the acknowledgment, the deed was recorded in one of the books of record of deeds in the county in which the lot is situate, on the 20th day of November, 1859.

The first section of the Act of 1860 provided that all instruments of writing which were then copied into the proper books of record of the office of County Recorder of the several counties of this State should thereafter be deemed to impart to subsequent purchasers and incumbrancers, and all other persons notice of all deeds, etc., to the extent that the same were then recorded, copied or noted in such books of record, notwithstanding any defect, omission or informality existing in the execution, acknowledgment, certificate of acknowledgment, recording or certificate of recording the same.

The second section of the same Act declared that duly certified copies of such instruments might be read in evidence under the same circumstances and rules as then were, or thereafter might be provided by law for using copies of instruments duly executed and recorded ; *provided* that proof should be made in the first instance that the instruments, copies of which should be offered in evidence, were genuine instruments, and were in truth executed by the grantor or grantors therein named.

Since this Act became the law of the State, is has so remained. It here becomes important to know under what circumstances and rules of law copies of deeds duly executed and recorded could be used as evidence when this action was tried.

The thirtieth section of the Act concerning conveyances, passed in 1850 (Laws 1850, p. 252,) provided that a deed of conveyance of real estate duly acknowledged or proved, certified and recorded in the manner prescribed in that Act, might be proved by producing in evidence the record thereof, or the transcript of such record certified by the Recorder under the

seal of his office; provided, it should first be shown to the Court that such deed was lost or not within the power of the party wishing to use it.

Under the Act here referred to, it was incumbent on a party who resorted to proof of a deed by producing a copy of it certified as prescribed, to establish the fact that the deed itself was lost or beyond his control, before he could avail himself of the use of a copy. In 1851 the Act concerning County Recorders was enacted, the twenty-first section of which reads as follows: "Copies of all papers duly filed in the Recorder's office, and transcripts from the books of records kept therein, certified by the Recorder to be full, true and perfect copies or transcripts, shall be received in all Courts, and in all actions and proceedings with the like effect as the original instruments, papers and notices recorded or filed, could be if produced."

This provision of the Act of 1851, gave to a certified copy of a deed duly filed in the Recorder's office, or which being so filed was duly recorded the like effect as evidence as the original of which it was a copy. The certified copy of a duly filed and recorded deed was proof of the execution of the deed, because the execution of it by the grantor necessarily had to exist as a condition precedent to its becoming duly filed in the Recorder's office, or to its becoming duly recorded. Then when, after the passage of this Act, a copy of a deed, duly filed and recorded, might be given in evidence in an action in a Court of justice, it became of equal probative force as the original deed would have been, had it been produced and its execution proved, and then given in evidence. (*Powell's Heirs v. Hendricks*, 3 Cal. 430.)

The deed from Maume to Dundon, as found copied in the book of records, was not duly filed for record nor duly recorded, because it was not acknowledged or proved so as to entitle it to be filed and recorded, and therefore a certified copy of the deed as it stood recorded did not prove the genuineness and due execution of the deed itself; and hence it was necessary, in order to make the certified copy evidence, to prove the existence of the original deed, and that it was executed by the

person purporting in the copy thereof to be the grantor. For this purpose evidence was introduced of the execution by Mathew Maume of the deed of which the certified copy obtained from the Recorder was given in evidence. No objection seems to have been made to this species of evidence on the ground that the plaintiff had not shown to the Court that the original was lost or not within his power; and if such an objection had been made, we do not see how it could have prevailed without disregarding the twenty-first section of the Act of 1851, provided the deed in question, with the certificate of the Consular Agent, is to be deemed of a character falling within the purview of the Act of 1860; and that it was and is of such character we must hold in the affirmative upon the construction of that Act by this Court in the cases of *Wallace* v. *Moody*, 26 Cal. 97, and *Landers* v. *Bolton*, 26 Cal. 393.

Another objection was made to the introduction of this copy of the deed, which was that as from the copy produced, the deed purported to have been executed in the presence of an attesting witness, it was not competent to prove its execution otherwise than by him.

The deed was executed in Ireland, and the presumption is that the subscribing witness resided and remained there, and being a resident of a foreign country at the time of the trial, it was competent to prove the execution of the deed without producing the attesting witness, or otherwise accounting for his absence beyond the jurisdiction of the Court. But it is insisted on the part of the defendants that the handwriting of the attesting witness to the absent deed should have been proved before admitting the certified copy in evidence. The questions of law herein involved have been fully considered in the case of *Landers and Wife* v. *Bolton*, 26 Cal. 393, and to that case and the authorities therein cited, we refer in justification of the ruling of the Court below.

The plaintiff having established a case which entitled him to recover the demanded premises, the defendants offered to show that one of the defendants had acquired title thereto by

a deed bearing date on the 11th of June, 1861, through a judgment obtained by Timothy Gleason, on the 27th of October, 1860, against Mathew Maume, in an action commenced in the District Court of the Twelfth Judicial District, in and for the City and County of San Francisco, on the 2d day of November, 1859; and for this purpose the defendants proposed and offered to produce in evidence the judgment roll and all the proceedings in the case of Gleason, plaintiff, against Mathew Maume and others, defendants, and the deed of the 11th of June, 1861. The plaintiff objected to the evidence so offered on the ground that the record in that case showed that the Court acquired no jurisdiction of the person of the defendant, Mathew Maume, and the objection was sustained.

The defendants' counsel have directed their argument very fully to the point that the Court below erred in excluding the evidence so offered, and on the side of the plaintiff the questions involved in this point made on the part of the defendants, have been elaborately discussed. We have examined this jurisdictional objection interposed by the plaintiff, and regard it as well founded. The same question exists in the case of *McMinn* against *Whelan and O'Connor*, (reported in this volume,) and to our opinion in that case we refer for the reasons for our determination respecting the judgment in the case of *Gleason* against *Maume*.

For the purpose of showing that as to a portion of the demanded premises the title had passed to one of the defendants since the action was commenced, the defendants offered in evidence a tax deed executed on the 19th day of July, 1862, by the Tax Collector, to the defendant, R. F. Ryan. This evidence was objected to by the plaintiff, on the ground that it could not be given in evidence without pleading it by supplemental answer, and the objection seems to have been sustained, though the record is somewhat ambiguous on the point, and to this ruling the defendants excepted.

The two hundred and fifty-sixth section of the Practice Act provides that "in an action for the recovery of real property, where the plaintiff shows a right to recover at the time the action

was commenced, but it appears that his right has terminated during the pendency of the action, the verdict and judgment shall be according to the fact; and the plaintiff may recover damages for withholding the property." The plaintiff's right to recover a specific portion of the property, the defendants proposed to controvert by matters arising after the commencement of the action and two months before the trial. The fact proposed to be proved by the tax deed was affirmative matter and should have been set up by a supplemental answer, and then the plaintiff would have been apprised of what he would in such event have been required to meet. Facts which occur subsequent to filing an answer materially affecting the rights of the respective parties to the advantage of the defendant, and which if in evidence would necessarily change the result to the detriment of the plaintiff, should be embodied in a supplemental answer to authorize evidence of them without the plaintiff's consent. (*Van Maren* v. *Johnson*, 15 Cal. 311.) Whether the tax deed would have constituted evidence of a transfer of any portion of the premises to the grantee therein named it is not necessary to decide in this case. It is enough that it was objected to at the threshold for the reason assigned. Its exclusion by the Court, which we hold to have been correct, also excludes the question as to its validity from consideration.

The defendants also offered in evidence a judgment of a Justice's Court, obtained by George E. Worn against Michael Dundon and others, and proposed, further, to prove that an execution was issued on this judgment and that a sale was made thereunder of Dundon's interest in the premises, and that the defendants had become the assignees of the certificate issued to the purchaser at such sale. The plaintiff objected that the proposed evidence should have been pleaded as an equitable defense, and the Court sustained the objection. It does not appear, by the offer or otherwise, when the sale under this judgment was made. If the time for redemption had not expired, the evidence was wholly incompetent to establish any right in the defendants, either legal or equitable, to the

possession of the premises. If the time for redemption had passed, the defendants should have obtained their deed to which they would have been entitled, and then interposed their new defense by a supplemental answer. There can be no doubt of the correctness of the decision of the Court in excluding the evidence which the defendants thus proposed to give.

The defendants allege that the Court erred in refusing to postpone the trial of their cause upon the motion and affidavits in support of it, and also in refusing their application to be allowed to amend their answer so as to obviate the objections interposed by the plaintiff to the evidence offered by the defendants and excluded by the Court. Matters of this kind rest very much in the discretion of the Court, which should be exercised for the promotion of just ends, and in the case before us we are of opinion this discretion was properly exercised.

Judgment affirmed.

Mr. Chief Justice SANDERSON expressed no opinion.