[No. 8,244. Department One.—April 8, 1885.]

## GEORGE POMEROY, Appellant, *v.* JOSEPH GREGORY, Respondent.

PLEADINGS—FINDINGS.—Where allegations of a complaint are not denied, the facts alleged are admitted, and a finding thereon is immaterial.

INSOLVENCY—NOTICE TO CREDITORS—FINDINGS.—Where a discharge in insolvency is pleaded to an action on a promissory note, and the court finds that an order appointing an assignee was duly given and made, and that the plaintiff appeared in the insolvency proceedings, it is not necessary to find that the notice to creditors to prove their debts and choose an assignee was published.

APPEAL from a judgment of the Superior Court of Monterey County.

The action was brought on a promissory note, and the defendant pleaded his discharge under the insolvency act of 1880. The remaining facts are stated in the opinion of the court.

*W. H. Webb*, and *James A. Wall*, for Appellant.

*N. A. Dorn* and *W. M. R. Parker*, for Respondent.

The COURT.—The appeal is from a judgment in favor of the defendant.

1. The findings that the defendant made and delivered the promissory note sued on, on the eighth day of May, 1881, and that there is due interest thereon (less $70) from that day, are immaterial. The complaint avers that the note was executed and delivered on the day it bears date, May 8, 1878 ; that no part of the interest has been paid, except $70. The answer contains no denials of these averments.

2. The answer sets forth certain proceedings initiated by the petition of defendant, and culminating in a judgment or order discharging him from all his debts and liabilities. It is contended by appellant that the findings are fatally defective, because there is no finding that the notice to creditors to prove their debts and choose assignees was published, as alleged in the answer. But the defendant, in his answer, avers that the court, on the return-day of the notice, " duly gave and made " an order appointing an assignee, and there is a finding that the order was duly given and made. The defendant further alleged, and the court found, that the plaintiff appeared in the insolvency proceeding. The averments and findings were sufficient, independent of the averment as to publication. (Code Civil Proc., § 457.)

3. Plaintiff further contends, the court failed to find that defendant had been discharged from his debts. If it be conceded that the judgment of discharge is a different thing from the certificate provided for in section 51 of the insolvent act of 1880, the finding is that the court granted a discharge. For aught that appears, the writing set forth in the finding is a copy of the judgment. It is headed " certificate of discharge," but was filed with the clerk of the court.

Judgment affirmed.