[Sac. No. 341.   Department One.—April 8, 1898.]

## J. ELLIS RODLEY, Appellant, v. JOHN CURRY et al., Respondents.

JURISDICTION—SUPERIOR COURT—CLAIM OF COMPLAINT.—In an action to recover the value of services, the jurisdiction of the superior court is determined by the claim made in the complaint, where there is no evidence of bad faith, for the fraudulent purpose of giving jurisdiction; and when the claim made in the complaint was sufficient to give jurisdiction to the superior court, an admitted deduction made by plaintiff's counsel when the case was called for trial, on account of discovered errors in the account, reducing the plaintiff's claim below three hundred dollars, though such admission was binding upon the plaintiff, could not affect the jurisdiction of the court to try the case; and it was error in the court to dismiss the case, upon such admission, for want of jurisdiction.

APPEAL from an order of the Superior Court of Butte County denying a new trial. John C. Gray, Judge.

The facts are stated in the opinion.

Jo D. Sproul, for Appellant.

Park Henshaw, for Respondents.

HAYNES, C.—The complaint in this action alleged that there was due from defendants to plaintiff for medical services $390.33, and prayed judgment in that sum. The answer denied the services, and denied the value of the services to have been "$390.33, or any other sum." The pleadings were verified. When the cause was called for trial both parties announced themselves ready. The court then stated the title of the case to the reporter.

Whereupon plaintiff's attorney made the following statement to the court: "I understand it to be a general rule of this court to dispense with the services of a reporter when the action to be tried cannot be appealed to the supreme court. In this action the complaint was prepared and filed upon a statement handed me by the plaintiff, showing an amount due from defendants to plaintiff of $332.50. Since the suit was commenced plaintiff has discovered errors in his account amounting to $45; that is, three charges of $15 each were erroneously entered by his clerk. This should reduce plaintiff's demand to less than $300, and if he should receive a judgment it must be for less than $300, and of course no appeal could be taken to the supreme court. We wish to save as much expense as possible and therefore did not wish a reporter."

Counsel for defendants thereupon moved the court to dismiss the action for want of jurisdiction, and this motion was granted, the court saying that, while the pleadings brought the case within the jurisdiction of the court, the statement of counsel in opening his case, or in getting ready to open it, stated the amount due at a sum below the jurisdiction of the court; that a party is bound by the statement of his counsel, and the court had no jurisdiction.

In the first place, there seems to have been an oversight as to the amount claimed in the complaint. It was not $332.50, as stated by counsel for the plaintiff, but the amount there stated to be due, and for which judgment was demanded, was $390.33, and this amount was also stated in the denials of the answer. That both parties should have overlooked that fact is almost beyond comprehension. The error in the account furnished counsel for plaintiff, and upon which, he explained, he based the complaint, was, as stated to the court, three items of $15 each, amounting to $45, and this deducted from the amount stated in the complaint leaves $345.33; so that if the pleadings had been looked to a different state of facts would have appeared.

It was natural and proper, however, for the court to accept the statement of counsel, and to act upon it; but I think, nevertheless, that the court erred in dismissing the action.

No question was made as to the good faith of the plaintiff in

bringing the suit for a sum exceeding $300. The case had been called for trial and the parties answered that they were ready to proceed. A preliminary question was then raised in regard to the services of a reporter, and it was at this stage the statement of plaintiff's counsel was made. It could make no difference as to the jurisdiction of the court whether counsel admitted an error of $45 overcharge, or whether it appeared in evidence by the testimony of witnesses. The court certainly had jurisdiction up to the moment the admission was made, and, conceding that the admission reduced plaintiff's claim below three hundred dollars, it could not affect the jurisdiction of the court to try the case, jurisdiction having been rightfully acquired. If the admission had shown that the amount was stated to exceed $300, in bad faith and for the fraudulent purpose of giving the court jurisdiction, a very different question would be presented.

It is so well settled that the amount for which judgment is demanded in the complaint determines the jurisdiction of the court that no authorities need be cited. Any other rule would be fraught with uncertainties and mischiefs beyond the power of anticipation.

The order denying a new trial should be reversed and a new trial granted.

Belcher, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is reversed and a new trial granted.

Harrison, J., Garoutte, J., Van Fleet, J.