[Civ. No. 379.   Second Appellate District.—September 30, 1907.]

# E. W. PRATT, Respondent, v. A. P. WELCOME, Appellant.

CLAIM AND DELIVERY—JURISDICTION—DEMAND OF COMPLAINT—VALUE OF PROPERTY—FINDING.—In an action of claim and delivery of a mare, the value thereof alleged in the complaint and the demand for relief therein, and not the finding of the value, fixes the jurisdiction of the superior court.

ID.—SUPPORT OF FINDING OF VALUE.—Where a witness for the plaintiff testified that the property was of the value of $500, the sum alleged, when the suit was brought, and the witnesses for defendant valued her then at only $200, the court was not bound to take either sum testified to, and a finding that it was then of the value of $300 is sufficiently supported.

ID.—QUALIFICATION OF WITNESS—OPINION AS TO VALUE—WAIVER OF OBJECTIONS.—Objections to the qualification of a witness to give an opinion as to the value of the property must be made at the time the testimony is offered, and if not so made, they are waived, and cannot support a motion for a new trial, or be considered upon appeal.

ID.—CONDITIONAL SALE OF MARE—CONFLICTING EVIDENCE—SUPPORT OF FINDING.—Where the principal question involved in the case is whether a sale of the mare by plaintiff to defendant was absolute or conditional, and the findings as to a conditional sale are made upon conflicting evidence, they will not be disturbed upon appeal.

ID.—POSSESSION OF MARE—OMISSION TO FIND—DECISION AGAINST LAW NOT SPECIFIED—ADMISSION OF PLEADINGS.—The omission to find as to the possession of the mare by the defendant at the commencement of the action is not material where the appeal is only from an order denying a motion for new trial, and there is no specification that the decision was against law, either in the grounds of the motion or in the statement of the case, and where the finding

is further rendered unnecessary for the reason that the allegations of the complaint on that subject are admitted by being insufficiently controverted in the answer.

APPEAL from an order of the Superior Court of Los Angeles County, denying a motion for a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

M. C. Hester, and H. H. Roser, for Appellant.

F. G. Hentig, for Respondent.

TAGGART, J.—This is an action of claim and delivery to recover possession of a mare alleged in the complaint to be of the value of $500 and for $200 damages.

Judgment was for plaintiff for $1 damages, for the possession of the mare, or in case delivery cannot be had, for her value, fixed at $300, and for costs of suit. Defendant appeals from the judgment, and from an order denying his motion for a new trial.

The errors relied upon for a reversal of the judgment appear to be such only as properly should be considered on the appeal from the order denying the motion for a new trial: Insufficiency of the evidence to justify the decision of the court, that the decision is against law, and errors of law occurring at the trial. There are no exceptions presented to any rulings of the court which come under the latter head.

It is contended that there is no evidence to sustain the finding that the value of the mare is $300, and, therefore, the superior court was without jurisdiction to try the cause because the "value of the property in controversy" does not amount to $300. (Const., art. VI, sec. 5.) We do not agree with appellant's view either of the law or the fact. The action was begun May 31, 1905, and the witness Williams testified that in the month of May, 1905, the mare was worth $500. The witnesses of defendant valued her at only $200. While it is true that no witness stated her value at exactly $300, the court is not bound to find in the precise figures stated by any witness, but is at liberty to estimate and fix such a valuation on the property as all the evidence taken together

warrants. No objection was made to the competency of the witness Williams to testify to the value of the mare at the time his testimony was given. This objection was made for the first time on the hearing of the motion for a new trial, and no objection or exception on this ground appearing in the record, there was nothing upon which that court could act in this connection. Objections to a witness' qualification to testify on matters of opinion must be made at the time the testimony is offered, or they will not support a motion for a new trial, or be considered by an appellate court. The reasons for the rule have been stated too often to need repetition.

It is the demand and not the finding of value which fixes the jurisdiction of the court. (*Dashiell* v. *Slingerland,* 60 Cal. 655; *Lord* v. *Goldberg,* 81 Cal. 596, [15 Am. St. Rep. 82, 22 Pac. 1126].) The jurisdiction of the court, where the amount involved is the question to be considered, must be determined on the pleadings. Any other rule would be fraught with uncertainties and mischiefs beyond the power of anticipation. (*Rodney* v. *Curry,* 120 Cal. 541, [52 Pac. 999].) Where no question is made of the good faith of the plaintiff in bringing the suit for a sum exceeding $300, the only penalty for recovery of less than the jurisdictional amount is the loss of the costs. (Code Civ. Proc., secs. 1022, 1024; *Greenbaum* v. *Martinez,* 86 Cal. 459, [25 Pac. 12].)

The principal question involved in the trial of this case was whether a sale made by the plaintiff to the defendant of the animal in dispute was absolute or conditional, and the findings claimed to be inadequately sustained by the evidence are of probative facts which tended to support one of these contentions. There is evidence to sustain either theory, and the findings so made upon conflicting evidence will not be disturbed by an appellate court. This is true of all the findings complained of, and it is unnecessary to distinguish them in detail. The evidence called for a judicious application of the rule *falsus in uno,* etc., and the trial court evidently made it, and the exercise of its discretion in this regard will not be reviewed by an appellate court.

It is also urged in support of the appeal that the decision of the court is against law in this, that the court failed to find upon a material issue, to wit: Was defendant in possession of the mare at the time of the commencement of the action,

and did he wrongfully withhold such possession from plaintiff?

It is doubtful whether this matter is before us on the record. There is no specification that the decision is against law in the statement of the case, and this is not made one of the grounds of the motion for a new trial. (*Haight* v. *Tryon,* 112 Cal. 6, [44 Pac. 318] ; *Kaiser* v. *Dalto,* 140 Cal. 167, [73 Pac. 828].)

When a court renders its decision without making findings upon all the material issues presented by the pleadings there has been a mistrial. The decision having been thus rendered before the case has been fully tried, it is ''against law,'' and should be reviewed on a motion for a new trial. This rule, however, is applicable only to issues which are material, and to those directly made by the pleadings. (*Brison* v. *Brison,* 90 Cal. 328, [27 Pac. 186].) For a stronger reason it cannot be applied to cases in which findings are rendered unnecessary because the allegations of the complaint are not denied or the facts are admitted by the pleadings. (*Pomeroy* v. *Gregory,* 66 Cal. 572, [6 Pac. 492] ; *Taylor* v. *Central Pac. R. R. Co.,* 67 Cal. 615, [8 Pac. 436] ; *Gregory* v. *Gregory,* 102 Cal. 52, [36 Pac. 364].)

The complaint here alleges that the mare was in the possession of defendant at the time of the commencement of the action and that he unlawfully withheld possession of her from plaintiff. Defendant alleges ''that prior to the commencement of said action he sold (said mare) and parted with the possession thereof.'' *Non constat* that the mare was not in his possession when the action was commenced. He also denies ''that at any time he *wrongfully* or *unlawfully* held or retained possession of said mare.'' This is only the denial of a conclusion and raises no issue as to the possession. The allegations of the complaint in this respect not being denied, no finding was necessary.

No error appearing in the record, the judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.