[Civ. No. 977.  First Appellate District.—May 17, 1912.]

## THE J. DEWING COMPANY, Respondent, v. W. B. THOMPSON, Appellant.

Claim and Delivery—Value of Piano—Admission—Pleadings—Contrary Finding Disregarded.—In an action of claim and delivery for a piano, in which the pleadings are verified, and the complaint alleges that the value of the piano is $500, and the answer admits such value by failing to deny the same, a finding contrary to such admission that the value of the piano is only $200 is entirely without the issues made by the pleadings, and should be disregarded.

Id.—Admission of Jurisdictional Sum—Objection to Jurisdiction Based on Finding.—Where it is objected that the finding as to value deprived the superior court of jurisdiction over the action, it is a sufficient answer to such objection that the fact upon which the jurisdiction of the court depends was admitted by the answer to be such as unquestionably to support the jurisdiction of the court to determine the action upon its merits.

Id.—Test of Jurisdiction Over Value of Property—Demand of Complaint, Regardless of Finding—Costs.—If it be conceded that the court had power to find a less value than that admitted, still the test of the jurisdiction of the superior court to support a judgment for the value of the property claimed, if a delivery cannot be had, is determined by the value claimed and demanded in the complaint, and when that shows a value exceeding $300, it is sufficient to support the jurisdiction of the superior court as to the value of the property though a less sum be found, which cannot affect the test of jurisdiction, but only the loss of costs.

Id.—Double Aspect of Claim and Delivery—Recovery of Property—Recovery of Money—Jurisdiction Based on Complaint.—An action of claim and delivery has two aspects.  In one aspect it is a suit to recover specific personal property described in the com-

plaint. In the other aspect, it is a suit to recover a money demand, in respect of which the amount demanded in the complaint, exclusive of interest, determines the jurisdiction.

Id.—Appeal from Superior Court—Self-destructive Objection to Jurisdiction Based on Finding—Identical Grants of Jurisdiction.—An objection by an appellant from the judgment of the superior court to the jurisdiction of that court, based on its finding of value of $200, is held to be self-destructive. The original jurisdiction of the superior court and the appellate jurisdiction of the district courts of appeal are identical in "all cases at law, in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars." (Const., art. VI, secs. 4, 5.)

APPEAL from an order of the Superior Court refusing to set aside a judgment in an action of claim and delivery, and to dismiss the action for want of jurisdiction. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Knight & Heggerty, for Appellant.

F. A. Berlin, for Respondent.

HALL, J.—In this action plaintiff brought suit in the superior court in claim and delivery to recover a piano. The piano is alleged in the complaint to be of the value of $500. Plaintiff also alleges damages in the sum of $100 expended in an effort to recover the piano, and prays for judgment for the possession of the piano or the sum of $500, the value thereof, in case a delivery thereof cannot be had, and for $100 as damages on account of costs incurred in the effort to recover the piano.

The court found the value of the piano to be $200, and gave judgment that plaintiff recover from defendant the piano, and in case recovery thereof cannot be had, that plaintiff recover from defendant the sum of $200, the value thereof.

Defendant subsequently moved the court, under sections 663 and 663a of the Code of Civil Procedure, to vacate and set aside said judgment, and to enter a judgment dismissing said action for want of jurisdiction of the superior court over said action.

The motion was denied, and the appeal is by defendant from this order.

The attack upon the jurisdiction of the court over the action is predicated solely upon the fact that the court found the value of the piano sued for to be $200. Counsel for appellant have devoted their energies to discussing the question as to whether or not the jurisdiction of the superior court in an action in claim and delivery depends upon the allegations of the complaint or the finding made by the court as to the value of the property in suit.

While the answer to this question is not difficult, the correctness of the ruling of the court does not, in our opinion, depend upon such answer.

The finding as to the value of the piano is entirely without the issues made by the pleadings. The complaint alleges in apt language the value of the piano to be $500, and there is no issue raised by the answer upon the allegations as to value. Defendant denied the ownership and right of possession of plaintiff, and the allegations concerning the expenditure of $100 in the effort to recover the piano, and set up a claim to the ownership and right of possession in the piano under a certain contract with plaintiff. But there is not one word in the answer in the record before us raising or attempting to raise any issue as to the value of the piano not being as alleged in the complaint. The pleadings were verified. The allegation of value not being denied, it was admitted to be as alleged, and the finding contrary to such admission should be disregarded. The fact upon which appellant claims the jurisdiction of the superior court depends was admitted by the answer to be such as to unquestionably support the original jurisdiction of the superior court to try and determine the action upon its merits.

Turning now to the question discussed by appellant in his brief, we have no doubt that the court had jurisdiction of the cause, even if it be conceded that the finding of the court as to the value of the piano is controlling as against the admission in the pleadings.

The only case that lends any support to the contention of appellant is the case of *Ballerino* v. *Bigelow,* 90 Cal. 500, [27 Pac. 372], where it was held that a plaintiff could not invest a justice court with jurisdiction to try a case of forcible entry

and detainer by alleging that the rental value of the property in suit did not exceed $25 per month, although the proof clearly showed that it did. This case cannot be made to apply to any case other than one in forcible entry and unlawful detainer. It has no application to a case of claim and delivery, where the plaintiff seeks an alternative judgment for the recovery of specific personal property, or, in case such recovery cannot be had, a stated sum of money as the value thereof. In such a case, if the value be alleged to be $300, or in excess thereof, the prayer for judgment contains a demand for such stated sum. Such was the prayer and demand in this case.

An action in claim and delivery has two aspects: In one it is a suit to recover specific personal property. In the other it is a suit to recover a money demand, and as such the amount demanded exclusive of interest is the test of jurisdiction. In this aspect the suit is within the rule laid down in such cases as *Dashiell* v. *Slingerland,* 60 Cal. 655, and *Lord* v. *Goldberg,* 81 Cal. 596, [15 Am. St. Rep. 82, 22 Pac. 1126], to the effect that the amount of money sued for is the test of jurisdiction of the court to try and determine the action.

The case of *Shealor* v. *Superior Court,* 70 Cal. 564, [11 Pac. 653], was a case of claim and delivery, and it was held that the allegation of value as made in the complaint determined the jurisdiction of the court.

The case of *Pratt* v. *Welcome,* 6 Cal. App. 475, [92 Pac. 500], was also a case of claim and delivery; and while what is there said is *dictum,* it is so apt and logical that we cannot refrain from quoting a paragraph: "It is the demand and not the finding of value which fixes the jurisdiction of the court. (*Dashiell* v. *Slingerland,* 60 Cal. 655; *Lord* v. *Goldberg,* 81 Cal. 596, [15 Am. St. Rep. 82, 22 Pac. 1126].) The jurisdiction of the court, where the amount involved is the question to be considered, must be determined on the pleadings. Any other rule would be fraught with uncertainties and mischiefs beyond the power of anticipation. (*Rodley* v. *Curry,* 120 Cal. 541, [52 Pac. 999].) Where no question is made of the good faith of the plaintiff in bringing the suit for a sum exceeding $300, the only penalty for the recovery of less than the jurisdictional amount is the loss of the costs."

See, also, *Greenbaum* v. *Martinez*, 86 Cal. 460, [25 Pac. 12], *Becker* v. *Superior Court,* 151 Cal. 313, [90 Pac. 689], and *Mannix* v. *Tryon,* 152 Cal. 31, [91 Pac. 983], to the effect generally that where the allegations of the complaint make a case within the jurisdiction of the superior court, relief not contemplated as within such jurisdiction may be given where the plaintiff fails to prove his whole case.

In conclusion, it may be said that the argument of appellant is self-destructive, for, if the superior court did not have jurisdiction to try and determine this case upon its merits, because the value of the property involved as found by the court was less than $300, this court has no appellate jurisdiction of the case. The original jurisdiction of the superior court and the appellate jurisdiction of this court, so far as they relate to the subject matter of this action, are given in precisely the same words by the constitution. (Const., art. VI, sec. 5, and art. VI, sec. 4.)

The order appealed from is affirmed.

Kerrigan, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 16, 1912.