[Civ. No. 2019.  First Appellate District.—June 12, 1917.]

WILL JACKS, Respondent, v. JAMES TAYLOR, as County Treasurer of the County of Monterey, Appellant.

COUNTIES—EXPERTING COUNTY BOOKS—ILLEGAL CONTRACT BY GRAND JURY—UNAUTHORIZED RATIFICATION BY SUPERVISORS.—The board of supervisors of a county has no authority to ratify and approve a contract made by the grand jury employing experts to examine the books of the county officials, where the contract provided for a compensation which · in amount directly violated the provisions of section 928 of the Penal Code.

ID.—CONTRACT—VIOLATION OF STATUTE—WHEN ILLEGAL.—A contract is illegal which is made in direct disregard of the provisions of a statute which provides for and regulates the making of such contract.

APPEAL from a judgment of the Superior Court of Monterey County.   George H. Cabaniss, Judge presiding.

The facts are stated in the opinion of the court.

Chas. B. Rosendale, and Albert H. Elliot, for Appellant.

Daugherty & Lacey, for Respondent.

THE COURT.—This is a proceeding in *mandamus.* The petitioner in the court below will hereafter be referred to as the plaintiff, and the respondent in that court as the appellant.

This controversy was before this court on a previous occasion in a proceeding in which the same relief was sought by the same plaintiff against the same defendant, the title of the

case being identical with this case. (See *Jacks* v. *Taylor,* 24 Cal. App. 667, [142 Pac. 121].)

The facts of the controversy as they stood at the time that case was decided were fully stated in the opinion therein, and for those facts reference may be had thereto.

Since that decision further action by the board of supervisors of Monterey County has made new issues in the matter; the former case has apparently been abandoned, and upon the new issues raised in this action plaintiff had judgment in the superior court commanding the defendant to pay him $350 out of the county treasury. From this judgment the defendant prosecutes this appeal.

The facts additional to those recited in the former opinion are that on the going down of the *remittitur* in that case the claim of plaintiff was again presented to the board of supervisors, who thereupon adopted, after a preamble reciting that the employment upon which the claim was founded was necessary and for the benefit of the county, the following resolution: "Resolved, that this board hereby ratifies and approves the incurring of said expense by said grand jury as fully as if the same had been originally authorized by this board and to the full extent of the power of this board to constitute said claim a county charge."

The authority of the board of supervisors to ratify the action of the grand jury by the adoption of this resolution is disputed by the defendant, and he also contends that the second filing of this claim with the clerk of the board of supervisors not having been made within one year of the date when the last item of the charge accrued, was barred by the provisions of section 4075 of the Political Code. That section provides that no account shall be passed by the board unless filed with the clerk within one year after the accrual of the last item thereof. This claim as filed with the clerk after the decision of the former case was the identical claim—the same paper indeed unchanged—which was filed with the clerk in the first instance, and we think the first filing thereof satisfied the requirements of the section cited, and that the second filing did not change the nature of the claim.

In the opinion in the former case this court held this claim as then presented to be an illegal claim, and said: "That is not lawful which is contrary to an express provision of law (Civ. Code, sec. 1667) and the general principle is well

established that a contract is illegal which is made in direct disregard of the provisions of a statute which provides for and regulates the making of such contract.'' In support of this proposition numerous authorities were cited. The court further said: ''Applying this general principle to the contract upon which the claim in controversy is alleged to have been founded, there is no escape from the conclusion, it seems to us, that such contract was illegal. Being so, it follows as a necessary consequence that the claim based thereon was also illegal, and that therefore the board of supervisors had no jurisdiction to allow it. The mere fact that the claim was allowed by the board did not vest it with a validity which it did not theretofore possess. The original illegality of the claim in controversy constituted a good defense to the writ; and if such claim was upon its face and in fact illegal then indubitably the treasurer was authorized to refuse payment.''

To this statement of the law after re-examination we adhere. It is argued that the board of supervisors might have joined with the grand jury in employing experts for the examination of the books of county officials, and have agreed to pay such experts in conjunction with the grand jury compensation for their services in excess of the compensation provided by section 928 of the Penal Code; and that hence the board of supervisors had power to ratify the action of the grand jury in entering into the agreement made by the grand jury in this case. The answer to this is that what the grand jury actually did was to attempt without reference to the board of supervisors to enter into an unlawful agreement to pay experts a compensation which in amount directly violated the provisions of section 928 of the Penal Code. To understand that they had not in contemplation any action by the board of supervisors in the matter it is only necessary to observe that the purpose of the employment of experts by the grand jury, pursuant to section 928 of the Penal Code, was an examination not only of the books of other county officials, but also of the books, accounts, and official acts of the supervisors themselves—an independent examination not in any way under the authority of the board of supervisors. Ratification is the adoption and affirmance by one person of an act which another without authority has assumed to do as his agent. (*McCracken* v. *City of San Francisco*, 16 Cal. 591.) The grand jury in this matter were not the agents of the board

of supervisors and did not assume to act as such. They acted as an arm of the superior court in a capacity entirely independent of the board.

Nothing in this opinion is to be construed as holding that the board of supervisors did not have power to allow the claim for the amount permitted by the statute.

. The judgment is reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1917.