[Civ. No. 5162. Third Appellate District.—October 15, 1934.]

EDWARD F. HARRIS, Respondent, v. C. V. SEIDELL et al., Defendants; C. V. SEIDELL, Appellant.

Paul A. Lindley for Appellant.

Aaron N. Cohen and C. K. Bonestell for Respondent.

HELD, J., *pro tem.*—This is an action in unlawful detainer.

The complaint alleges that the Stockton Abstract & Title Company, on the ninth day of January, 1931, became the owner in fee simple of certain lands in the county of Glenn, by virtue of a sale made by the trustees named in a deed of trust, which sale was the subject of consideration by this court in the case of *Seidell* v. *Tuxedo Land Co.,* this day decided (*ante,* p. 406 [36 Pac. (2d) 1102]). Attached to the complaint is a copy of the trustees' deed. A conveyance by the Stockton Abstract & Title Company to plaintiff is set forth, followed by allegations of the service on defendants of demand to surrender possession, and failure to comply with such demand. The rental value of the premises is alleged to be $100 per month. Judgment for restitution is sought, with rental value and damages. The answer denies ownership in plaintiff, and attacks the validity of the sale by the trustees to the Stockton Abstract & Title Company. The answer also denies that the rental value of the premises is $100 per month, and alleges the same to be $25 per month. A cross-complaint interposed by defendants was stricken out on motion of plaintiff. Plaintiff had judgment only for restitution of the premises. Defendant C. V. Seidell alone appeals.

We have already held in *Seidell* v. *Tuxedo Land Co., supra,* the opinion in which was this day filed, that on the record there presented the trustees' sale was valid. To the evidence in that case must be added, in the instant one, the depositions of the trustees, from which it might appear that the recitals in the deed to the purchaser at the trustees' sale were not true. However, this testimony would only serve to raise a conflict with the evidence furnished by the recitals in the deed, and the trial court having resolved that conflict in favor of the truth of those recitals, this court is not at liberty to interfere.

Furthermore, the depositions of the witnesses Hawkes and Raggio are not convincing that the trustees' sale was not at least authorized by them. There would appear to be a lack of recollection on their part, rather than direct testimony refuting the recitals in the trustees' deed. The witness Raggio testified that he signed the notice of sale. He answered in the affirmative the question whether he authorized anyone to represent him at the trustees' sale, and testified that he authorized the Glenn County Title Company to conduct the sale for him as trustee. ■ If the sale was authorized by the trustee, his presence at the sale is not essential. (*Fogarty* v. *Sawyer*, 23 Cal. 570.)

■ We think, too, that by their execution of the deed to the Stockton Abstract & Title Company, the trustees ratified the acts of the agent who conducted the trustees' sale. That a purported sale was had and the necessary proceedings preceding it, is admitted. But appellant contends that the sale was not conducted by the trustees. The latter, however, with full knowledge of what had taken place, executed a deed. By this act, we think they ratified whatever was done on their behalf in the transaction, particularly so because of the fact that they included over their signature a detailed statement of their purported acts.

■ Ratification is the adoption and affirmance by one person of an act which another, without authority, has assumed to do as his agent. (*Jacks* v. *Taylor*, 34 Cal. App. 97 [166 Pac. 858].) Such ratification may be express or implied. (*Bissell* v. *King*, 91 Cal. App. 420 [267 Pac. 356]; *Petray* v. *First Nat. Bank*, 92 Cal. App. 86 [267 Pac. 711].)

■ Ratification of the acts of an agent is implied whenever the acts and conduct of the principal, having full knowledge of the facts, are inconsistent with any other supposition than that of previous authority or an intention to abide by the act, though it was unauthorized. (*Ralphs* v. *Hensler*, 97 Cal. 296 [32 Pac. 243].) ■ The doctrine of ratification proceeds upon the theory that there was no previous authority, and that the relation of principal and agent did not in fact exist, but implies it from the acts and conduct of the parties, and when so implied is equivalent to previous authority, and results as effectively to establish the relation of principal and agent as if the agency had been

authorized in the beginning. (*Ballard* v. *Nye,* 138 Cal. 597 [72 Pac. 156].)

Defendants interposed a demurrer to the complaint for want of facts. This demurrer was overruled by consent, and plaintiff challenges defendants' right now to insist upon it. In this, plaintiff is in error. Consent does not waive a demurrer for want of a sufficient statement of a cause of action. (21 Cal. Jur. 128.)

The action is brought under section 1161 (a) of the Code of Civil Procedure, which in subdivision 3 provides for the removal of a party from property where the same "has been duly sold in accordance with section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, or a person under whom he claims, and the title under the sale has been duly perfected". Even though the complaint be insufficient as a statement of facts to bring the pleader within the terms of said subdivision 3, and examination of the answer in this case shows that the fact and validity of the sale under the deed of trust was made an issue by defendants. Having done so, they may not now be heard to question the sufficiency of the complaint. (21 Cal. Jur. 280; *Vance* v. *Anderson,* 113 Cal. 532 [45 Pac. 816]; *Holahan* v. *McGrew,* 111 Cal. App. 436 [295 Pac. 1054]; *Donegan* v. *Houston,* 5 Cal. App. 626 [90 Pac. 1073].) But the complaint is sufficient even against a special demurrer. (*Faulkner* v. *Brooks,* 127 Cal. App. 137 [13 Pac. (2d) 748].)

The appellant contends that the evidence shows that during the pendency of the action the plaintiff conveyed the premises here involved to the Anglo-California Trust Company, and that therefore the judgment in plaintiff's favor for possession of the property is not sustained by the evidence. Section 740 of the Code of Civil Procedure is cited in support of this contention. The appellant, however, overlooks section 385 of the Code of Civil Procedure. (See, also, *Alameda County Home Inv. Co.* v. *Whitaker,* 217 Cal. 231 [18 Pac. (2d) 662].) Furthermore, the complaint herein was filed on June 3, 1931. On January 26, 1932, plaintiff executed the conveyance to the trust company. The answer does not set up the termination of plaintiff's title as a defense. This is required to avail appellant. (*Moss* v. *Shear,* 30 Cal. 468; *McMinn* v. *O'Connor,* 27 Cal. 238; *Hestres* v.

*Brennan,* 37 Cal. 385; *Foscalina* v. *Doyle,* 47 Cal. 437; *Kirsch* v. *Brigard,* 63 Cal. 322.) In the latter case it is said:

"The plaintiff's right to recover a specific portion of the property, the defendants proposed to controvert by matters arising after the commencement of the action. . . . Facts which occur subsequent to filing an answer materially affecting the rights of the respective parties to the advantage of the defendant, and which if in evidence would necessarily change the result to the detriment of the plaintiff, should be embodied in a supplemental answer to authorize evidence of them without the plaintiff's consent."

The answer in this case was filed on October 2, 1931. The trial was had on April 12, 1933. Defendant objected to the introduction of the deed. No supplemental answer was filed or permission sought to do so.

Appellant challenges the jurisdiction of the trial court to render judgment of restitution. It is urged that a finding on the jurisdictional issue is essential to the validity of the judgment. The complaint alleges the rental value of the premises to be $100 per month. The answer denies this, and alleges the same to be not to exceed $25 per month. There is no evidence in the record to support a finding for either sum. The findings are silent on the subject. The judgment awards nothing. The state of the pleadings would justify a finding of a monthly rental value not to exceed $25.

On June 3, 1931, when the complaint was filed herein, the jurisdiction of actions of forcible or unlawful entry or detainer where the rental value is $25 or less per month was in the justice's court in townships having a population of less than 30,000. (Stats. 1929, p. 834.) Therefore, had the complaint alleged a rental value in such an amount as on the state of the pleadings the court had been warranted in finding, jurisdiction would clearly have been in the justice's court. (*American National Bank* v. *Johnson,* 124 Cal. App. (Supp.) 783 [11 Pac. (2d) 916]; *Hewitt* v. *Justice's Court,* 131 Cal. App. 439 [21 Pac. (2d) 641].) This is so, even though title to real property were involved.

"To the limited extent of proving deraignment of title . . . the question not only may, but must be tried in such (unlawful detainer) actions." (*Nineteenth Realty Co.* v.

*Diggs,* 134 Cal. App. 278 [25 Pac. (2d) 522].) (See, also, *Berkeley Guarantee Bldg. & Loan Assn.* v. *Cunnyngham,* 218 Cal. 714 [24 Pac. (2d) 782].)

Section 838 of the Code of Civil Procedure in effect when this action was filed, provided that ''in cases of forcible entry and detainer, of which justices' courts have jurisdiction, any evidence otherwise competent may be given, and any question properly involved therein may be determined''. Ordinarily, jurisdiction depends upon the amount claimed in the *ad damnum* clause of the complaint. (*Pratt* v. *Welcome,* 6 Cal. App. 475 [92 Pac. 500]; 7 Cal. Jur. 692.) It has been said ''that any other rule would be fraught with uncertainties and mischiefs beyond the power of anticipation''. (*Rodley* v. *Curry,* 120 Cal. 541 [52 Pac. 999].) Likewise, it has been held that jurisdiction does not depend in any way upon the amount which the plaintiff is finally held to be entitled to recover. In *Becker* v. *Superior Court,* 151 Cal. 316 [90 Pac. 689], the court says: ''The test of the jurisdiction of a court is ordinarily to be found in the nature of the case as made by the complaint and the relief sought. The fact that the plaintiff does not succeed in establishing all that he claims does not oust the court of its jurisdiction to give judgment for so much as is established.'' (See, also, *Todhunter* v. *Smith,* 219 Cal. 690 [28 Pac. (2d) 916].)

The appellant contends, however, that in an action such as this, jurisdiction does not depend upon the amount claimed in the complaint, but the amount of rental established by the evidence, and in support cites *Ballerino* v. *Bigelow,* 90 Cal. 500 [27 Pac. 472]. That case lends support to the contention of appellant, but the decision seems to have been based in the main upon the fact that the appellant had been deprived of the privilege guaranteed to her, to have such a case tried originally in the superior court. In *Dewing Co.* v. *Thompson,* 19 Cal. App. 87 [124 Pac. 1035], the court refused to apply the rule laid down in *Ballerino* v. *Bigelow,* to a case of claim and delivery, and without referring to that case, it was held in *Nolan* v. *Hentig,* 138 Cal. 281 [71 Pac. 440], that lack of jurisdiction in a case such as the instant one might be waived. If the contention of appellant were sustained, the plaintiff might in his complaint allege facts showing jurisdiction in the supe-

rior court, and upon the trial, if the evidence established the rental value to be an amount less than that within the jurisdiction of the superior court, the latter would be without authority to render a decision on the merits, but would have no alternative but to dismiss the action for want of jurisdiction, even though it should appear that plaintiff was entitled to restitution of the premises. In the language of *Rodley* v. *Curry, supra:* "Such a rule would be fraught with uncertainties and mischiefs beyond the power of anticipation." We believe the true rule is laid down in *Gardiner* v. *Royer,* 167 Cal. 238 [139 Pac. 75, 78], where the court, at page 244, says: "Jurisdiction of the cause attaches at the time of the commencement of the action, and cannot be divested by the establishment, to the satisfaction of the court, of a defense to the whole or any portion of the claim, whether by demurrer, or by evidence on the trial. Jurisdiction of the cause having attached, the court must give judgment in favor of the plaintiff for such amount as it finds him entitled to recover, even though that amount be less than the amount specified in the constitutional provision as necessary to give the Superior Court jurisdiction."

It is elementary that the first question which must be determined by the trial court in every case is that of jurisdiction. (*Dillon* v. *Dillon,* 45 Cal. App. 191 [187 Pac. 17]; *Fitzpatrick* v. *Sonoma County,* 97 Cal. App. 588 [276 Pac. 113].) As was said in an early case: "The first point decided by any court, although it may not be in terms, is, that the court has jurisdiction; otherwise, it would not proceed to determine the rights of the parties." (*Clary* v. *Hoagland,* 6 Cal. 685.)

We conclude the trial court had jurisdiction to render judgment herein.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 13, 1934.