ANDREW W. McKAY v. JANE A. WILLIAMS AND MARY McNERNA.

*Trustees—Fraud—Conveyance by agent to himself—Good-faith purchaser—Ejectment.*

1. A deed executed by an *attorney in fact* in the name of his principal, and one executed by the grantee on the same day to the *attorney in fact,* both covering the same land, are *prima facie* void upon their face, and as between the parties the principal is not bound by the deeds, and may repudiate the transaction and recover the land in an action of ejectment.

2. In *such* a case, a purchaser of the land from the *attorney in fact* is not a *good-faith* purchaser, but is bound by what appears in the chain of title through which he claims, and is chargeable with the fraud which appeared upon the face of the conveyances.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued October 28, 1887. Decided November 10, 1887.

Ejectment. Plaintiff brings error. Reversed, and judg-

ment entered on the finding for the plaintiff, and record remanded for further proceedings under the statute if desired. The facts are stated in the opinion.

*D. E. Corbitt,* for appellant.

*Maher & Felker,* for defendants.

CHAMPLIN, J. Plaintiff brought ejectment against defendants.

Mary McNerna is made a party simply as tenant in possession under her co-defendant at the time the suit was brought.

On the twenty-first day of May, 1886, one Ida J. Shults was the owner of the premises in question. On that day she executed to her husband, Oliver C. Shults, a power of attorney to convey, by good and sufficient deed, said premises. This was recorded in the Kent county register's office on the ninth day of June, 1886, at 8:45 o'clock, A. M. On the same day Oliver C. Shults, as attorney in fact for Ida J. Shults, executed a deed in the name of his principal of the premises in question to Henry H. Knight. This was duly witnessed and acknowledged. And again, on the same day, Henry H. Knight executed a deed of the premises to Oliver C. Shults. This was also witnessed and acknowledged. Both these deeds purported to be for the consideration of $600. The notary who drew the deeds and took the acknowledgments saw no money consideration pass between the parties. Both deeds were recorded the same day and at the same time.

On the twenty-seventh of July, 1886, Ida J. Shults conveyed the premises to the plaintiff in this suit, and on July 9, 1886, Oliver C. Shults conveyed the premises to Jane A. Williams, defendant.

The plaintiff claims that the deeds from Ida J. Shults, executed by Oliver C. Shults as her attorney in fact, to Knight, and from Knight to Oliver C. Shults, are fraudulent and void upon the face of the transaction; that they show upon their

face the case of an agent conveying the property of his principal to himself; and that they should be so declared by the court in an action of ejectment brought by the principal or her grantee.

The judge of the superior court of Grand Rapids, before whom the case was tried, held that, in the absence of proof of actual fraud, the title to the property passed from Ida J. Shults to Knight, and from Knight to Oliver C. Shults, and from him to defendant Williams; and, consequently, the plaintiff acquired no title by virtue of his deed from Ida J. Shults.

If, as the judge of the superior court held, the legal title passed by the deeds to defendant notwithstanding the apparently fraudulent transaction between Oliver C. Shults and Knight, then the later deed, executed by Mrs. Shults to plaintiff, only conveyed an equitable title, the defendant being simply a trustee of the legal title for the plaintiff, and the remedy of plaintiff would be in equity to compel a conveyance of the legal title by Williams to McKay.

Plaintiff's counsel contends that the fraud which presumptively exists upon the face of the papers vitiated the transaction and rendered the deeds wholly void, and therefore the legal title did not pass by the execution of the deeds; that Mrs. Shults held the legal title all the time until she conveyed it to plaintiff. Here, then, there are two persons, each claiming the legal title to the same real estate, and who trace their source of title to a common grantor.

The record discloses that Oliver C. Shults, as attorney in fact of Ida J. Shults, on the ninth of June, 1886, conveyed the premises to Knight, and that he immediately reconveyed them to Oliver C. Shults. These deeds, bearing the same date, executed between the same parties, conveying the same subject-matter, must be construed together. The language they speak is plain. By this transaction the agent authorized

by Ida J. Shults to sell the land in question, and convey the same, has sold and conveyed it to himself.

Such a transaction cannot stand. It bears upon its face its own condemnation. It is *prima facie* void, and as between the parties the principal is not bound by the deeds, and may repudiate the transaction and recover the land. Public policy will not tolerate such misdoings on the part of an agent, and courts will not stop to inquire whether a fraud was intended, but, looking alone at the relation of the parties, will, upon that relation appearing, declare the conveyance invalid. *Gillett v. Peppercorne,* 3 Beav. 78; Whart. Ag. § 232; 2 Sugd. Vend. *c.* 20, § 2; *Gilbert v. Burgott,* 10 Johns. 457; *Claflin v. Bank,* 25 N. Y. 293; *Obert v. Hammel,* 18 N. J. Law, 74; *Michoud v. Girod,* 4 How. 503; *Clute v. Barron,* 2 Mich. 192.

In very many of the cases which have been brought to the attention of the courts, the agents or trustees have so covered their misfeasance as to make it necessary for the injured party to go into a court of equity to obtain adequate relief. But when the fraud appears upon the face of the papers or conveyances, the remedy can as well be administered in a court of law as in a court of equity. Thus in *Claflin v. Bank,* cited above, an action was brought to recover upon three checks drawn by the president of the bank, and certified by its president as good. The defense that the president committed an abuse of his fiduciary relations with the bank was permitted to be shown. Judge Selden said: "The act of the agent is deemed to be unauthorized, and the contract is void;" and that "there could be no *bona fide* holder of such an instrument," for the reason that the want of authority in the president to bind the bank appeared on the face of the check.

In *Gilbert v. Burgott,* 10 Johns. 457, which was a contest between the grantee of an unrecorded deed and a subsequent grantee who first placed his deed of record, the court held that actual notice to the second grantee of the existence of

the unrecorded deed might be shown in an action of eject-
ment. Chief Justice Kent held that the action of the subse-
quent grantee in obtaining and recording a deed when he had
notice of the first conveyance was a fraud upon the holder of
the unrecorded deed, and he said:

"Fraud will invalidate in a court of law as well as in a
court of equity, and annul every contract and every conveyance
infected with it."

*Obert v. Hammel, supra,* was a case in point, and the court
held in an action of ejectment that the sale and conveyance
could be avoided in a court of law, citing several English
cases in support of the position.

It is laid down by Sugden on Vendors and Purchasers, and
supported by numerous authorities, that, "where the trustee
buying is the trustee for sale, the purchase is absolutely void."
Chapter 20, § 2 (8th Amer. ed.), p. 689, bottom, note *n.*

"So careful [said Mr. Justice MANNING, in the case of
*People v. Township Board of Overyssel,* 11 Mich. 222] is
the law in guarding against the abuse of fiduciary relations,
that it will not permit an agent to act for himself and his
principal in the same transaction; as to buy of himself, as
agent, the property of his principal, or the like. All such
transactions are void, as it respects his principal, unless rati-
fied by him with a full knowledge of all the circumstances."

Mr Justice CHRISTIANCY concurred with Justice MAN-
NING. Mr. Justice CAMPBELL assented to the general doctrine,
stated, that the same person cannot be vendor and purchaser
because his contract lacks the necessary elements of two
parties; but he also stated that "even these contracts, how-
ever, are not universally void. They are usually voidable at
the option of the party defrauded or affected, but they are
not absolutely void, *except where,* by reason of the identity of
vendor and vendee, a contract in the eye of the law is
impossible." *Railway Co. v. Dewey,* 14 Mich. 477, 488;
*Sheldon v. Estate of Rice,* 30 Id. 296.

In these two cases the doctrine was again asserted, the first being a chancery case, and the other a case at law.

In cases of sales by executors, administrators, and guardians, the statute expressly forbids them to purchase, directly or indirectly, and declares sales made in violation of that section void. How. Stat. § 6042. This statute was merely an affirmance of the common law.

Attention is called by counsel for the defendants to the remarks of Mr. Justice Elmer, in *Runyon v. India Rubber Co.*, 24 N. J. Law, 475, criticising the former decisions in that state which held that ejectment might be brought by the heirs to recover land fraudulently conveyed by an administrator to himself; and in *Obert v. Obert*, 12 N. J. Eq. 427, where it is said that—

"There can be no doubt that, according to the decided weight of authority, the principle that a trustee cannot be the purchaser of the trust estate is a mere rule in equity, and that, if proper forms are observed, the conveyance is good at law."

We think that the principle has a broader foundation than a mere rule in equity. Mr. Justice COOLEY, in *Sheldon v. Estate of Rice, supra,* said:

"The law esteems it a fraud in such a trustee to take, for his own benefit, a position in which his interest will conflict with his duty."

It cannot be claimed that Mrs. Williams is a good-faith purchaser, without notice of the invalidity of her grantor's title. A purchaser of real estate is bound by what appears in the chain of title through which he claims. The defendant was chargeable with notice of the fraud which appeared upon the face of the conveyances. If defendants have equities which entitle them to relief in the court of chancery, there is no obstacle to their applying to such court. The bill of exceptions shows that defendant Williams has filed

her bill of complaint in which she sets forth that she agreed to pay $400 for the land, and paid $100 down, and prays for equitable relief.

In holding that the deeds introduced by the defendants are *prima facie* void upon their face, we do not militate against the rule declared by this Court in several cases, that in ejectment all defenses are excluded that are not legal, and that neither equitable titles nor equitable defenses can avail either as a basis of recovery or of defense. The plaintiff does not claim to recover upon the strength of an equitable title, and under the facts of this case the judgment should have been given for the plaintiff.

The judgment must be reversed, and a judgment entered here upon the finding in favor of plaintiff, with costs of both courts.

The record will be remanded, in order that further proceedings may be had under the statute if desired.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.