[18087. In Bank.—April 22, 1893.]

# WILLIAM G. BURKE, ADMINISTRATOR, APPELLANT, *v.* B. W. BOURS ET AL., RESPONDENTS.

AGENCY—PURCHASE BY AGENT FROM PRINCIPAL.—An agent authorized to sell the property of the principal may purchase the property from the principal if he deals openly with him, upon full disclosure of all the facts and acts in good faith, taking no advantage of the situation, and the transaction is fair and just and the consideration full and adequate, and the sale is made to the agent with the full knowledge and consent of the principal.

Id.—Right of Principal to Avoid Sale to Agent.—When the agent deals with the principal at arm's-length, and after a full disclosure of all that he knows concerning the property which he is authorized to sell, or when the principal ratifies the purchase by the agent from himself, with full knowledge of all the circumstances connected with the transaction, he can thereafter avoid the sale only upon the same grounds as if the purchase had been made by a stranger.

Id.—Sale by Agents to Broker with Consent of Principal—Ratification. —Where a broker, employed by agents authorized to sell the property of the principal, had negotiated a sale for the full value of the property which the purchaser refused to consummate, both the agents and principal being fully notified of all the information obtained by the broker respecting the negotiation, or respecting the value or condition of the property, and upon failure of the negotiation, the broker inserted his own name in the deed, and notified the agents thereof and proposed to them to purchase the property at the same price which he had negotiated, if it was agreeable to the principal, and if not that he would return the deed, and was notified by them of the principal's consent that he should become the purchaser at the price specified, and that all the principal wanted was to receive the money, which was thereupon paid to the agents, after which the broker took possession of the property, the sale to the broker must be regarded as made upon a direct dealing with the principal through his authorized agents, and the rules governing the ratification and confirmation by the principal of the act of an agent in making a sale to himself have no application.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*George D. Collins*, for Appellant.

The facts found by the trial court do not constitute ratification or confirmation, as they do not show that Arguello was aware of the voidable character of the transaction. (2 Pomeroy's Equity Jurisprudence, sec. 964; *York* v. *McKenzie*, 8 Brown Parl. C. 70, 71; 2 Sugdon on Vendors, 8th Am. ed., 423; 1 Dart on Vendors, 43; Civ. Code, sec. 2230, subd. 1; *Adair* v. *Brimmer*, 74 N. Y. 554; *Boyd* v. *Hawkins*, 2 Dev. Eq. 215; *Cockerell* v. *Cholmley*, 1 Russ. & M. 425.) The burden of proving Arguello's knowledge of the voidable character of the transaction and of his right to impeach it, and that with such knowledge and for the purpose of removing its invalidity, he deliberately confirmed it, is upon the trustee. (Civ. Code, sec. 2230, subd. 1; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 575; *Hoffman Steam Coal Co.* v. *Iron Co.*, 16 Md. 456, 508; 77 Am. Dec. 311; *Cumberland Coal Co.* v. *Sherman*, 20 Md. 151; *Pittsburg Co.* v. *Gazzam*, 32 Pa. St. 348; *Thompson* v. *Lee*, 31 Ala. 304; *Pairo* v. *Vickery*, 37 Md. 467; *Fish* v.

*Miller,* 1 Hoff. Ch. *280 et seq.; *McCormick* v. *Malin,* 5 Blackf. 532, 533; *Murray* v. *Palmer,* 2 Schoales & L. 485; *Cutts* v. *Salmon,* 4 De Gex & S. 132; *Dunbar* v. *Tredennick,* 2 Ball & B. 304; *Stump* v. *Gaby,* 2 De Gex, M. & G. 631; *California Co.* v. *Callendar,* 94 Cal. 120; *McCracken* v. *San Francisco,* 16 Cal. 625, 626.) But there can be no question of ratification in this case, as the deed was absolutely void because of the failure to insert the grantee's name therein. (Civ. Code, secs. 1054, 1059; *Barr* v. *Schroeder,* 32 Cal. 616; *Boyd* v. *Slayback,* 63 Cal. 494; *Bank* v. *Bailhache,* 65 Cal. 328; *Ward* v. *Dougherty,* 75 Cal. 242; *Arguello* v. *Bours,* 67 Cal. 447; *Upton* v. *Archer,* 41 Cal. 85, 87; 10 Am. Rep. 266; *Wunderlin* v. *Cadogan,* 50 Cal. 613.)

*Nicol & Orr, Budd & Budd,* and *E. I. Jones,* for Respondents.

The contention that there could be no ratification or confirmation by Arguello, as it was not shown that he did know of the voidable character of the transaction, is untenable, as he is presumed to know the law. (Code Civ. Proc., sec. 1963; *Hill* v. *Finigan,* 77 Cal. 275; 11 Am. St. Rep. 279.) It is not necessary that the agent should see that his principal, who is possessed of full capacity to contract, shall, in addition to being informed of the material facts concerning the transaction, be actually advised as to what the law is upon a particular subject. (*Billings* v. *Morrow,* 7 Cal. 171; 68 Am. Dec. 235; *Dupont* v. *Wertheman,* 10 Cal. 368; *Burke* v. *Bours,* 92 Cal. 116; 1 Am. & Eng. Encycl. of Law, 432, and cases cited.) It is of no consequence in this case that Bours first inserted his name in the deed as grantee and then informed Arguello of his act, for Arguello's approval of Bour's act and his written assent thereto is equivalent to a previous authority from Arguello to Bours to insert his name in the deed as grantee. (*McCracken* v. *San Francisco,* 16 Cal. 592; Story on Agency, 8th ed., secs. 239, 242; *United States Express Co.* v. *Rawson,* 106 Ind. 215.) An agent may buy of his principal, or have an interest in the sale of property belonging to the principal and within the scope of his authority, if the principal has knowledge that the agent is buying and of all the material facts connected therewith. (*Rochester* v.

*Levering,* 104 Ind. 562; *Burke* v. *Bours,* 92 Cal. 116; *Arguello* v. *Bours,* 67 Cal. 447.    See *Staats* v. *Bergen,* 17 N. J. Eq. 554.)

HARRISON, J. — When this action was here upon the last appeal (92 Cal. 108), the facts before the court were that Bours had been employed by Faulkner, Bell & Co., who were agents of Arguello, to make a sale of the land, and had reported to them a sale thereof for the sum of four thousand five hundred dollars, sending at the same time a form of a deed to be executed by Arguello, without, however, inserting the amount of the consideration, or the name of the grantee; that Arguello filled in the amount of the consideration, and executed the deed without inserting the name of any grantee; that when Bours received the deed, he caused his own name to be inserted therein as grantee, and sent his check for the amount of the purchase-money to Faulkner, Bell & Co., who accounted for the same to Arguello. The judgment of the court below was reversed upon the grounds that Bours was to be regarded as the agent of Arguello for making a sale of the land, and could not, as such agent, make a sale to himself. After the cause went down another trial was had, and in addition to the facts found upon the preceding trial, the court found that when Bours sent the deed to Faulkner, Bell & Co. for execution, he had negotiated a sale of the property to one Ahumaja for the sum of four thousand five hundred dollars, but that when he received the deed, after it had been signed by Arguello, Ahumaja refused to consummate the purchase; that thereupon Bours had his own name inserted as the grantee in the deed, and wrote to Faulkner, Bell & Co., informing them of his failure to complete the sale, and "that he had had his own name inserted in said deed as grantee, and that if this was agreeable to Mr. Arguello, he would take said property and pay the said sum of four thousand five hundred dollars therefor, and that if it was not agreeable to Mr. Arguello, he would return the said deed to him"; that a few days thereafter he received a letter from Faulkner, Bell & Co. inclosing one from Arguello, in which Arguello stated "that he was satisfied with Mr. Bours as the purchaser of said property, and that he was glad he had purchased it, and all that he (Arguello) wanted was to receive his

money"; that upon the receipt of this letter Bours caused the deed, which he had in the mean time kept in his possession, to be placed of record, and immediately remitted the four thousand five hundred dollars to Faulkner, Bell & Co., and entered into possession of the property, and has since remained in possession of the whole thereof; that upon the receipt of the money by Faulkner, Bell & Co., they informed Arguello that they had received from Bours the sum of four thousand five hundred dollars as the proceeds of said property, and had placed the same to his credit, and that Arguello immediately acknowledged the receipt of such information. The court also finds "that the said Jose R. Arguello, prior to the payment of the said purchase-money by the said Bours, had full knowledge and notice that said B. W. Bours' name had been inserted in said deed as the grantee therein named after the signing thereof; and at the time of the receipt of said purchase price said Arguello had full knowledge and notice that said Bours was the grantee named in said deed, and had full knowledge and notice of all the facts and circumstances surrounding the said transaction." Judgment was thereupon rendered in favor of the defendants, and the plaintiffs have appealed therefrom, bringing up the evidence in a bill of exceptions, and specifying therein that it is insufficient to sustain certain of the findings. There was, however, testimony before the court below supporting the above findings, and the decision of that court, both upon the weight of this testimony, as well as upon the credibility of the witnesses, cannot be reviewed here.

The decision of this court upon the former appeal was based upon the fact that it then appeared that Bours was the agent of Arguello for the purpose of making a sale of the land, and that the purchase by him was made without the knowledge of Arguello that he was such purchaser, and upon the well-established principle of law that when these facts were brought to the knowledge of the principal he had the right to have the sale set aside at his option, irrespective of any question of fraud or unfairness or advantage. It was said in the opinion at that hearing, " while a trustee may purchase the trust property where he deals openly with his beneficiary in the sale, and the transaction is in all respects fair and just, and the consideration full

and adequate, yet that is not this case. Neither does the evidence disclose that Arguello ratified and confirmed the sale to Bours after a full knowledge of all the facts. Aside from the fact that Bours sent his personal check to Faulkner, Bell & Co. for the amount of the purchase price, there is nothing in the record to indicate that Arguello had any knowledge whatever that Bours was the purchaser. . . . . Having decided that defendant occupied such relations towards Arguello that he would not be allowed to become a purchaser of this real estate, unless the sale was made with the full knowledge and consent of Arguello, or ratified and confirmed by him after a full knowledge of all the facts, neither of which conditions existed in this case, it necessarily follows that he is not the vendee under an executed contract of sale, and possesses no equity sufficient to defeat plaintiff's rights to a recovery of the possession of this tract of land."

The conditions under which the judgment of this court was then rendered do not now exist. It now appears not only that Bours dealt openly with Arguello in the sale, and that the transaction was fair and just, and the consideration full and adequate, but it also appears that "the sale was made with the full knowledge and consent of Arguello." These circumstances take the case out of the principles announced at the former hearing, and show a complete defense to a recovery by the plaintiffs. There is no inhibition upon a purchase by an agent from his principal, " where the facts are fully disclosed, and the agent acts in good faith, taking no advantage of his situation. The principal may, if he sees fit, deal with the agent as with any other person." (Mecham on Agency, sec. 466; *Rochester* v. *Levering,* 104 Ind. 562.) The agent has the same right to deal directly with his principal as has a stranger. The rule which prevents the agent from purchasing the property which he is authorized to sell for his principal, is based upon the maxim that no man can serve two masters, and that an agent shall not unite in his own person his individual with his representative character, or place himself in a position where his personal interest will be in conflict with his duty to his principal. When, however, the agent deals with his principal " at arm's-length, and after a full disclosure of all that he knows with respect to the property "

(*Murphy* v. *O'Shea*, 2 Jones & L. 425), or when the principal ratifies the purchase from himself with full knowledge of the circumstances connected with the transaction, he can thereafter avoid the sale only upon the same grounds as if the purchase had been made by a stranger. The powers of an agent in dealing with the property of his principal are limited in the same manner as those of a trustee. A trustee is not forbidden to deal with the trust property when the beneficiary, with a full knowledge of the motives of the trustee, and of all other facts concerning the transaction which might affect his own decision, and without the use of any influence on the part of the trustee, permits him to do so. (Civ. Code, sec. 2230.)

The present case does not fall within the rule which is applicable when an agent with a power of sale makes a sale to himself. Bours did not have any power of sale from Arguello, and did not in fact make any sale to himself. His relation to Arguello, resulting from his original employment by Faulkner, Bell & Co., was rather that of a broker than an agent for sale, and his subsequent proposition to them that he would himself purchase the land from Arguello at the price of four thousand five hundred dollars, placed him in the position of a purchaser dealing directly with the owner. Faulkner, Bell & Co. were the agents of Arguello for the sale of the property, and the persons to whom Bours, if he desired to purchase the same, would naturally make application. He had had no direct correspondence with Arguello, and his offer and information to Faulkner, Bell & Co. must be regarded the same as if made to Arguello. Although his previous relation to Arguello, by virtue of having been employed to make a sale of the property, still left him charged with the duty of disclosing any facts or circumstances affecting the property which might have come to his knowledge while holding such fiduciary relation, yet the record does not show that there was any concealment or silence on his part which would make him guilty of constructive fraud.

When Bours wrote to Faulkner, Bell & Co., making the proposition to purchase the property himself from Arguello for the sum of four thousand five hundred dollars, he was not acting as the agent of Arguello in making a sale of the premises to himself, but was making a direct proposition to Arguello

through Faulkner, Bell & Co., who were his agents for the sale of the property. Arguello had been previously informed of all that Bours had done in attempting to effect the sale, and it is not disputed that four thousand five hundred dollars was the full value of the property. The court finds that when Bours was first employed in behalf of Arguello, he wrote to Faulkner, Bell & Co., "fully advising them of the condition of the said property," and that after the receipt of that letter, Arguello stated "that he agreed with Mr. Bours' opinion of the property," and that after Bours had endeavored to make a sale of the property, he again wrote to Faulkner, Bell & Co., "advising them therein of what he had done," and that as soon as he had found a purchaser he informed Faulkner, Bell & Co. thereof. These findings are not excepted to, and as it is not claimed that there were any facts or circumstances within the knowledge of Bours that he failed to disclose, must be construed as equivalent to a finding that he made a full disclosure of all the information he had respecting the value or condition of the property.

As the sale from Arguello to Bours is to be regarded as made upon a direct dealing between them for the purchase and sale of the property, the rules governing the ratification and confirmation by a principal of the act of his agent have no application.

The judgment is affirmed.

GAROUTTE, J., PATERSON, J., and McFARLAND, J., concurred

Rehearing denied.