[Civ. No. 5451. Second Appellate District, Division One.—May 21, 1928.]

P. E. PETRAY, Appellant, v. FIRST NATIONAL BANK IN BAKERSFIELD (a Corporation), Respondent.

Wiley & Harvey and Harvey & Heard for Appellant.

Emmons & Aldrich for Respondent.

SHAW, J., *pro tem.*—The plaintiff appeals from a judgment in favor of the defendant, and from an order denying her motion that the judgment be vacated and a new judgment in her favor be entered upon the findings. The record upon which both appeals are presented contains the judgment-roll and a bill of exceptions showing the proceedings upon the motion, but none of the evidence given at the trial. We must therefore presume that the evidence supported the findings, and construe the latter as strongly as their language will permit in favor of the judgment, resolving any uncertainties therein against the appellant. The important facts are set forth in the following findings:

"II. That on the 14th day of September, 1922, there was deposited with defendant to the account and credit of plaintiff the sum of $1,800.

"III. That thereafter on the 8th day of November, 1922, one J. K. Russell, the cashier of defendant, without the knowledge of plaintiff, withdrew from defendant said sum of $1,800, which said sum was charged against plaintiff's account and said Russell at said time drew and executed his promissory note for said sum in favor of plaintiff payable on demand and placed said note in a sealed envelope with other papers of plaintiff being held by said defendant for plaintiff for safe keeping.

"IV. That prior to said 8th day of November, 1922, plaintiff had authorized said J. K. Russell to loan said money of plaintiff 'on good security' for the purpose of making and collecting loans for her and that at all of said times the said Russell was the duly elected and acting cashier of said defendant.

"V. That on or about the 7th day of March, 1924, plaintiff, at the banking room of defendant, discovered for the first time that there was no loan with security therefor, or that said sum of $1,800 was not to her credit with defendant and then and there received from defendant said sealed note.

"VI. That thereafter said plaintiff demanded of said Russell payment to her of the interest as provided in said note and thereafter demanded of said Russell the payment

in full of said note and interest, but that no part of said principal sum nor interest thereon has been paid to plaintiff.

"VII. That on the 11th day of December, 1924, said plaintiff demanded of the defendant herein the sum of $1,800, which said sum said defendant has refused and neglected to pay to plaintiff."

Plaintiff argues, in support of her appeal, that by the deposit of her money in the defendant bank, the relation of debtor and creditor was created between her and the bank, that the facts stated in the findings do not amount to a novation by which Russell was substituted for the bank as her debtor, and that hence the bank remains liable to her for the amount of the deposit. We are inclined to regard the two premises of the argument as correct, but the conclusion stated does not follow therefrom. The liability of a debtor may be terminated in other ways than by a novation. Novation was not pleaded in the answer as a defense, and the findings do not indicate to us that the judgment was based thereon.

From the findings it appears that Russell was authorized by plaintiff to loan her money on deposit with defendant "on good security." Nothing is said as to the means by which he was to obtain possession of the money for that purpose. Defendant claims that such authority carried with it the implied power to draw the money from the bank for the purpose of loaning it and that when Russell withdrew the money this was in effect a payment to plaintiff's authorized agent; while plaintiff contends that, since Russell was defendant's cashier and acted for it in permitting the withdrawal of the money, it is chargeable with notice of all the facts known to him and these facts showed that he was exceeding his authority. But in the view we take of the case we do not find it necessary to pass on these contentions, except the point that Russell's acts were in excess of his authority. If he had any authority at all to withdraw plaintiff's money from her account, it was necessarily limited to cases where he did so for the purpose of making a loan on good security. The transaction by which Russell took plaintiff's money from the bank and substituted his note in plaintiff's favor therefor was in form a loan to him in behalf of plaintiff, but it was in excess of his authority when made, for two reasons: First, that as plaintiff's agent he could

not deal with himself; second, that the loan so made was not secured at all. He could, therefore, have no implied power to withdraw plaintiff's money for that loan.

■ But such a transaction, by which an agent undertakes to deal with himself in the matter of the agency without the intervention of the principal, is not void but merely voidable, and may be ratified by the principal, upon full knowledge of the facts. (8 Corpus Juris, 702; *Burke* v. *Bours*, 92 Cal. 108 [28 Pac. 57]; *Burke* v. *Bours*, 98 Cal. 171 [32 Pac. 980]; *Sterling* v. *Smith*, 97 Cal. 343 [32 Pac. 320]; *Pacific Vinegar etc. Works* v. *Smith*, 145 Cal. 352 [104 Am. St. Rep. 42, 78 Pac. 550].)

■ A ratification of the unauthorized act of an agent may be express, but in the ordinary case it need not be so. Where an original authorization for the act ratified may be oral, a ratification can be made by accepting or retaining the benefit of the act, with notice thereof. (Civil Code, sec. 2310.) In the case at bar an oral authorization would suffice (Civil Code, sec. 2309); hence, the rule just stated applies to it.

■ The findings show that on March 7, 1924, plaintiff was fully informed of Russell's unauthorized acts, and then received from defendant the note which Russell had made in plaintiff's favor to evidence the loan to himself; that she demanded of Russell payment of the interest and later of the principal of the note; and that, failing to obtain either, she then, nine months after she had received the note, demanded of defendant the sum which Russell had withdrawn from her account. We think from these facts the conclusion necessarily follows that she ratified Russell's acts in withdrawing the money and loaning it to himself. Within the meaning of the rule, the note of Russell must be regarded as a benefit. Of course, without the note plaintiff would be entitled, on a repudiation of the transaction as between herself and Russell, to recover the same amount of money from him; but the evidence to substantiate her case would not be so simple, or so easy to procure and present, and the statute of limitations would be shorter than that applicable to a suit on the note. She therefore obtained a benefit by taking and holding the note. The effect of this conduct on her part was intensified by the delay that ensued before she attempted to take a different position. The situation was one where defendant's interest called for prompt action by plaintiff. If she was satisfied to accept

Russell's note and ratify the loan to him, defendant had no further concern with the matter; but if she repudiated the loan and held the defendant on the deposit, then the latter would have a claim against Russell for breach of duty as its cashier, and prompt action by defendant on this claim might be necessary for its protection.

■ A ratification is equivalent to a previous authorization, and relates back to the time when the act ratified was done, except in certain cases where the intervening rights of third persons are concerned; and hence the effect of the ratification here is that the withdrawal of the money in question from plaintiff's account, being made by her authority, amounted to payment, and so discharged defendant's debt to her.

■ There is, it is true, no express finding of ratification or payment; but the issue of payment was raised by the answer, and since from the probative facts found the conclusion of ratification and payment necessarily results, this is equivalent to an express finding of payment, and is sufficient. (*Scott* v. *Symons,* 191 Cal. 441, 456 [216 Pac. 604]; *Potts* v. *Paxton,* 171 Cal. 493 [53 Pac. 957].)

The judgment and order appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.