[Sac. No. 5297.   In Bank.—July 2, 1941.]

RAY SIEDLETZ, Appellant, v. J. K. GRIFFITH et al., Respondents.

Richard A. Haley, Olson & Ahlport, Walter M. Gleason and J. Joseph Sullivan for Appellant.

A. J. Just for Respondents.

CURTIS, J.—This is an appeal on the judgment roll from a decree quieting title in the defendant Myrtle Griffith to two placer mining claims in Sierra County.

Count one of the complaint alleges that plaintiff is the owner of the "Gold Blossom" quartz mining claim and that defendants claim some interest therein. In a second count it is alleged that the defendants, without plaintiff's consent, entered upon and took possession of the claim and extracted minerals of the value of $10,000. By a third count it is asserted that defendants leased the claim from plaintiff but breached the lease and thus forfeited certain improvements, tools and machinery. The prayer of the complaint asks for a decree quieting title in plaintiff to the "Gold Blossom" claim and machinery, and for damages in the sum of $10,000 as the value of the minerals extracted from the claim.

The defendants denied the allegations of the complaint and cross-complained. It is admitted that defendants entered into a lease of the mining claim, but it is alleged that the lease was made as a result of false and fraudulent representations made by the plaintiff that she was the owner of said claim, when, in fact, she was not, and that therefore the lease was void. It is further alleged that on July 1, 1925, the mining claim was sold and conveyed to the State of California for delinquent taxes, and that defendants never entered upon or extracted quartz from the mining property claimed by the plaintiff, but, upon the contrary, they allege that they are the

owners of two placer mining claims in that vicinity known as "Lady Esther" and "Bonnie Brae." The answer and cross-complaint ask for a decree quieting title in defendants to said placer mining claims, and that plaintiff be determined to have no right, title or interest therein. The answer to the cross-complaint alleges that defendants' placer mining claims were wrongfully located and recorded over and upon the plaintiff's "Golden Blossom" quartz claim.

This appeal being on the judgment roll alone, the only question before this court is whether the judgment is supported by the findings.

After oral and documentary evidence was introduced by all parties, the trial court made the following findings of fact:

"1. That on July 1st, 1931, William G. Dean, was, and had been since August 28th, 1925, the admitted trustee and agent of Sierra Syndicate, a common law trust.

"2. That on said July 1st, 1931, and since August 28th, 1925, prior thereto the said Sierra Syndicate, a common law trust, was the owner of Gold Blossom Gold and Silver Quartz Mining Claim.

"3. That on July 1st, 1931, the said Sierra Syndicate, a common law trust, was the owner of a redemption right in said Gold Blossom Gold and Silver quartz mining claim.

"4. On July 1st, 1931, the said William G. Dean attempted to locate the said Gold Blossom gold and silver quartz mining claim, in the name of the plaintiff, acting as agent for the plaintiff, and that the plaintiff and William G. Dean both admitted such agency.

"5. That the said William G. Dean being then the trustee and agent of Sierra Syndicate, a common law trust, attempted to act as agent for the plaintiff Ray Siedletz and transfer to the said plaintiff the entire interests in the Gold Blossom gold and silver Quartz mining claim, vested in Sierra Syndicate, a common law trust without consideration.

"6. That the said William G. Dean, on July 31st, 1931, by reason of the facts aforesaid placed himself in a position which subjected him to conflicting duties and exposed him to the temptation of acting, and did act contrary to the best interests of his original *cestui que trust*.

"7. That on 1st day of June, 1936, the defendant, Myrtle N. Griffith located the Lady Esther Placer Mining Claim and

the Bonnie Brae Placer Mining Claim being the subject matter of defendants' Cross-complaint.''

As conclusions of law from the above facts the trial court found: ''That the attempted location by William G. Dean as agent for plaintiff of the Gold Blossom gold and silver quartz mining claim was void, and in violation of his obligation and duties as trustee of said Sierra Syndicate, a common law trust, and that in so far as defendants were concerned, the said Gold Blossom gold and silver quartz mining claim became open public land eligible for location as mining claims from and after July 1st, 1931, that the said William G. Dean was prohibited by law on July 31st, 1931, from acting in a dual capacity.

''That the defendant's locations of Lady Esther and the Bonnie Brae Placer Mining Claims are good and valid, and that defendants are entitled to a decree quieting their title thereto in said defendants as against the plaintiff, and that defendants are entitled to a judgment for their costs herein.''

A judgment was then rendered quieting title to the two placer mining claims in defendant Myrtle N. Griffith.

Appellant offers two propositions which, it is alleged, necessitate a reversal of the judgment. First, it is urged that the acts of a trustee contrary to the best interest of his beneficiary and in violation of his trust are not void, as the trial court concluded, but merely voidable at the option of the beneficiary; second, that a tenant may not deny his landlord's title in a proceeding against him to recover property leased to him by his landlord.

█ Appellant's first proposition, viz., that the acts of a trustee contrary to the best interests of his beneficiary are not void absolutely but voidable at the option of the beneficiary, is correct and the trial court's conclusion of law to the contrary, based only on the finding that Dean was agent for the Sierra Syndicate at the time he attempted to locate the ''Gold Blossom'' claim for appellant, is not a sufficient finding to support the judgment. There is no question that under the findings the syndicate, as beneficiary, could have the attempted location in favor of plaintiff set aside or held in trust for it, but until such time as the act of the trustee or agent is questioned in a proper action instituted by the syndicate, the location in the name of appellant will have its full legal effect. (See *Myrick* v. *O'Neill*, 33 Cal. App. (2d) 644 [92 Pac. (2d) 651];

*Depner* v. *Joseph Zukin Blouses,* 13 Cal. App. (2d) 124 [56 Pac. (2d) 574].) An act injurious to or fraudulent as to a beneficiary is voidable only and may be either affirmed or repudiated by such beneficiary. (*Pacific Vinegar etc. Works* v. *Smith,* 145 Cal. 352 [78 Pac. 550, 104 Am. St. Rep. 42]; *Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431 [62 Pac. 749]; *Petray* v. *First Nat. Bank,* 92 Cal. App. 86 [267 Pac. 711]; Restatement, Trusts, sec. 218.) The syndicate was not a party to this action nor do the findings disclose that it has at any time repudiated the act of its agent Dean in locating for appellant. It is true that there is a finding that the attempted transfer of the interest in the claim from the syndicate to appellant was without consideration. For that reason it might be argued that the syndicate would never ratify such an act and that it should be considered void from the beginning; however, no such speculation can be indulged in here. The invalidity of Dean's act cannot be urged by respondents, who must be considered as strangers to any question of title as between the appellant and the Sierra Syndicate.

Respondents attempt to argue that the whole case was tried upon the issue of fraud; that by concluding that appellant had no title, the trial court inferentially found that there was fraud in the making of the lease; and that therefore the question of whether or not a trustee is entitled to act in a dual capacity and whether this act may be questioned by a stranger to the relation becomes wholly immaterial when the issue is fraud and deceit. It is further argued that the location by Dean in the name of plaintiff was a part of a scheme by the syndicate to defraud the United States government, the State of California and the county of Sierra; that it was a scheme to keep title to the claim without doing assessment work or paying taxes. It is also alleged that the trial court properly concluded that the claim became open public land eligible for location by respondents, for the reason that on June 1, 1936, when respondents located the placer claims, the title to the "Gold Blossom" claim was in the State of California because of a previous tax sale. If any of the above allegations had been included in the findings made by the trial court, then the judgment might be upheld, but no one of them is present in such findings. ■ Certain exhibits introduced at the trial are referred to by respondents as supporting the allegations of fraud. Even if these exhibits were considered by this

court, they would not be sufficient to make further findings, but they cannot be said to be properly before this court. No bill of exceptions was presented or settled. No notice for the preparation or filing of a transcript of evidence under the provisions of section 953a of the Code of Civil Procedure was given. The exhibits were not a part of the pleadings and therefore cannot be considered a part of the judgment roll.

The conclusion of law that the attempted location for appellant by Dean was void and the judgment quieting title in favor of respondent Myrtle Griffith are based solely on the finding of fact that Dean was acting in a dual capacity and contrary to the best interests of his original *cestui que trust*, the Sierra Syndicate. For the reasons previously discussed it cannot be said that the judgment is supported by the findings. This conclusion being sufficient to require a reversal of the judgment, there is no necessity for a consideration of appellant's second contention to the effect that a lessee is estopped from questioning his landlord's title.

The judgment is reversed.

Edmonds, J., Carter, J., Traynor, J., Spence, J., *pro tem.*, and Gibson, C. J., concurred.