CHARLES FREMONT LEMON, APPELLANT, *v.* HAZEL M. LANDERS, RESPONDENT.

No. 4874

June 4, 1965 402 P.2d 648

[Rehearing denied June 23, 1965]

*Gordon W. Rice* and *Leo P. Bergin,* of Reno, for Appellant.

*Springer & Newton,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

The action herein presented is one customarily brought in ejectment and sometimes in equity to cancel instruments of conveyance, but the parties stipulated that these proceedings be to quiet title to real property to which ownership is claimed by appellant but respondent holds an unrecorded deed.

In July, 1959, appellant purchased undeveloped realty in Lyon County and proceeded to add improvements thereon until it became worth about $20,000.00. Respondent, whom he had met in a bar in Sacramento earlier that year, leased the improved property from the appellant. They also entered into a connubial relationship which continued until appellant executed a power of attorney under circumstances that gave rise to this lawsuit.

After the parties entered into the foregoing relationships, appellant moved to Mexico where respondent joined him on several occasions. It was understood between them that they would be married as soon as he obtained a divorce.

On one of the visits she brought him a power of attorney which was prepared by his Nevada attorney who had formed a Nevada corporation and advised appellant to transfer the property into the corporation, this, so it was thought, to make the property unavailable to his present and former wives.

Appellant signed the power of attorney naming respondent the attorney in fact. He testified that he instructed her to execute a deed to the property to the corporation through his Nevada attorney. Instead, it appears, she transferred the property by deed to her uncle, Walker, who in turn, immediately deeded it back to her. Walker's deed was recorded. The deed to her was not.

These latter transfers were unknown to appellant. As a matter of fact he didn't know anything further for two years because respondent made herself unavailable to appellant in all respects. He returned to Nevada, made several attempts to talk to her, but she refused until he commenced this quiet title action when he learned of the recorded deed to Walker. It was only when interrogatories were served on her and she responded, that he was apprised of the deed from Walker to her which she still held unrecorded. He then amended his complaint to allege a breach of trust. At the conclusion of the trial, the court found in favor of the respondent who was the defendant below.

Respondent contends that the terms of the power gave her the right to do with the property as she desired, including transferring it to herself.

The portion upon which she evidently relies follows a customary general power and adds, "In addition to the foregoing general powers, I hereby authorize my said attorney to sell, barter, exchange or dispose of any real estate of which I am now seized or possessed in fee simple * * *." The real property which is the subject of this action is later set out as the specific property to which the power of attorney was to apply.

The determinative point at issue is whether or not the respondent breached her fiduciary relationship which was established by the power of attorney. We are of the opinion that she did.

An agent, such as respondent in these circumstances, owes to the principal the highest duty of fidelity, loyalty and honesty in the performance of the duties by the agent on behalf of the principal. The object of the agency is to ensure the transaction of the business of the principal to his best advantage. An agent will not be permitted to pervert his authority to his own personal gain in severe hostility to the interests of his principal. Restatement, Agency 2 Ed. § 387; Mechem, Agency §§ 1188, 1198; Sumner v. Nevin, 4 Cal.App. 347, 87 P. 1105; American Cent. Ins. Co. v. Isaacs, 254 F. 789, 166 C.C.A. 235; Adams v. Herman, 106 Cal.App.2d 92, 234 P.2d 695.

Thus, an agent may not purchase the property of his principal without the principal's consent, Whitaker v. Brainard, 113 Cal.App. 705, 298 P. 1042, nor may an agent purchase the property of the principal through the instrumentality of a third person. Burke v. Bours, 92 Cal. 108, 28 P. 57; Adams v. Herman, supra.

We do not overlook the rule heretofore stated many times by the court that we will not disturb the findings of the trial court where the evidence is conflicting, even where the facts create grave suspicions and doubt. See Bird v. Mason, 77 Nev. 460, 366 P.2d 338.

But this is not a case where the evidence is conflicting. Her testimony, i.e., that she paid $5,500 but received no receipt, that appellant told her to give the property to her uncle in payment of a pre-existing debt for which there was no evidence except appellant's denial, and her surreptitious behavior subsequent to the execution of the power of attorney, lead unerringly and irresistibly to the only possible conclusion that respondent violated her fiduciary obligations in transferring the property to herself. Had appellant desired respondent to have the property, a deed directly to her would have been the logical expression of his intent.

As stated in McKay v. Williams, 67 Mich. 547, 35 N.W. 159, clearly and palpably, "Such a transaction cannot stand. It bears upon its face its own condemnation. It is prima facie void, and as between the parties the principal is not bound by the deeds and may repudiate the transaction and recover the land. Public policy will not tolerate such misdoing on the part of an agent, and the courts will not stop to inquire whether a fraud was intended, but looking alone at the relation of the parties * * * will declare the conveyance invalid."

The judgment and decree of the trial court are reversed. Judgment in favor of the appellant and a decree quieting title shall be entered accordingly.

THOMPSON and BADT, JJ., concur.