**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARL SNOWDON; et al., | No. 09-15877 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-01094-RCJ-PAL |
| v. | |
| PREFERRED RV RESORT OWNERS ASSOCIATION, a Nevada corporation, DBA Preferred RV Resort; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted May 12, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Plaintiffs appeal the dismissal of their civil rights action for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The district

court found that Defendants, a private corporation and some its employees and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

board members, were not state actors for purposes of 42 U.S.C. § 1983. The district court also denied Plaintiffs leave to amend their complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on alternative grounds supported by the record: summary judgment. *See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1051 n.4 (9th Cir. 2004).

The color of law requirement is an element of a § 1983 claim. *See, e.g., Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Failure to establish a threshold fact does not deprive federal courts of "authority to adjudicate the claim in suit." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006); *see also York v. Story*, 324 F.2d 450, 453 (9th Cir. 1963) (holding that allegations of a civil rights violation are "enough to establish district court jurisdiction, whether or not appellant succeeded in stating such a claim"). Defendants moved for both dismissal and summary judgment in the district court, and the court went beyond the complaint to find a lack of subject-matter jurisdiction. We therefore address this appeal under the framework of summary judgment.

First, the district court properly rejected both of Plaintiffs' theories of state action. Defendant Preferred RV Resort did not perform the traditional and exclusive public function of municipal governance. *See Marsh v. Alabama*, 326

U.S. 501 (1946). Rather, Preferred RV Resort provided an assortment of basic amenities and simple services to its paying members, all within the fenced-in confines of its private property. Plaintiffs failed to show that Preferred RV Resort had "assum[ed] . . . all of the attributes of a state-created municipality" and "exercise[d] . . . semi-official municipal functions as a delegate of the State." *Hudgens v. NLRB*, 424 U.S. 507, 519 (1976) (internal quotation marks omitted). Moreover, Defendants are not state actors on the basis of exercising eminent domain power delegated to them by the state, *see Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974), because they had no such power, *see* Nev. Rev. Stat. §§ 37.0097, 116.1108. To the extent that Defendants deprived Plaintiffs of a property interest, Plaintiffs may have a state law claim for ejectment. *See, e.g.*, *LeMon v. Landers*, 402 P.2d 648 (Nev. 1965).

Second, the district court did not abuse its discretion by tacitly rejecting Plaintiffs' request under Rule 56(f) for further discovery prior to resolution of Defendants' motions to dismiss and for summary judgment. Plaintiffs identified mechanisms through which they wished to obtain further discovery but did not specify the subjects of proposed depositions and document requests. They therefore failed to show "'what facts additional discovery could produce that would affect'" the summary judgment analysis. *Cheyenne Arapaho Tribes v.*

*United States*, 558 F.3d 592, 596 (9th Cir. 2009) (quoting *Mwani v. bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005)).

Finally, the district court did not abuse its discretion by denying Plaintiffs leave to amend their complaint. Amendment would have been futile, as Plaintiffs merely proposed to amend their pleadings to incorporate evidence put forward in opposition to Defendants' motion for summary judgment. As explained above, these facts are insufficient to state a claim. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED.**