*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN G S TAYLOR and NANCY TAYLOR,

Plaintiffs-Appellants,

v

LAKE MICHIGAN INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
August 24, 2023

No. 360974
Antrim Circuit Court
LC No. 2020-009240-CK

Before: M. J. KELLY, P.J., and SHAPIRO and REDFORD, JJ.

SHAPIRO, J. (*dissenting*)

I respectfully dissent and would reverse. The majority concludes that, despite being the plaintiffs' fiduciary agent, defendant owed them no duty. The majority reaches this conclusion by erroneously applying to an independent agent the test used to determine if a captive agent, who normally owes no duty to the insured, might under certain circumstances still owe some duty to the insured. The majority's error comes in its application of the Michigan Supreme Court's decision in *Harts v Farmers Ins Exch*, 461 Mich 1; 597 NW2d 47 (1999), to an independent agent despite the fact that the agent in *Harts* was a captive agent and a fiduciary of the insurer rather than the insured. The question in *Harts* was whether a captive agent can under certain circumstances nevertheless have a duty to the insured because they have developed a "special relationship," and *Harts* defined the circumstances in which that may be so. However, an independent agent already has a uniquely "special relationship" to the insured—that of agency. The "special relationship" test, if also applied to independent agents, collapses the distinction between independent and captive agents because what must be shown to establish a duty to the insured is the same, i.e., a "special relationship," regardless of whether they are an agent of the insurer or an agent of the insured.[1] *Harts* is inapplicable in this case, and, as such, the majority's reliance is incorrect.

---

[1] See United States Department of Labor, Bureau of Labor Statistics website, "What Insurance Sales Agents Do," accessed July 31, 2023, (https://www.bls.gov/ooh/sales/insurance-sales-agents.htm#tab-2) ("Captive agents are insurance sales agents who work exclusively for one

The basic principles of the doctrine of agency have been settled for centuries,[2] and have always been understood to mean the following: "An agency is defined as a fiduciary relationship created by express or implied contract or by law, in which one party (the agent) may act on behalf of another party (the principal) and bind that other party by words or actions." *Logan v Manpower of Lansing, Inc*, 304 Mich App 550, 559; 847 NW2d 679 (2014).

> The agreement to act on behalf of the principal causes the agent to be a fiduciary, that is, a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking. Among the agent's fiduciary duties to the principal is . . . the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them. [*In re Susser Estate*, 254 Mich App 232, 235; 657 NW2d 147 (2002) (citation omitted, ellipses in original).]

It is difficult to imagine a relationship more "special" than that of being a fiduciary agent. Why should a principal have to show anything more to establish that the agent has a duty to them?

The majority is correct that Michigan law distinguishes between insurance counselors and insurance agents, "with agents being essentially order takers" and "counselors who function primarily as advisors." *Harts*, 461 Mich at 9. However, they fail to recognize that there are two very different types of agents and they have very different duties. The fact that an insurance counselor has even more duties cannot serve to render an independent agent's fiduciary duty void. Unlike a captive agent, who owes a duty only to their employer, "[w]hen an insurance policy is facilitated by an independent insurance agent or broker, the independent insurance agent or broker is considered an agent of the insured rather than an agent of the insurer." *Genesee Foods Servs, Inc v Meadowbrook, Inc*, 279 Mich App 649, 656; 760 NW2d 259 (2008) (quotation marks and citation omitted). "[I]in recognition of the materially different circumstances faced by a customer who deals with an independent-insurance agent versus a captive-insurance agent, our courts have concluded that an independent-insurance agent owes its primary fiduciary of loyalty to the

---

company. They sell policies provided only by the company that employs them." By contrast, "[i]ndependent insurance agents may sell the policies of several companies to match their clients' needs with the company that offers the best rate and coverage.").

[2] See, e.g., *People ex rel Plugger v Overyssel Twp Bd*, 11 Mich 222, 225-226 (1863); *McKay v Williams*, 67 Mich 547, 551; 35 NW 159 (1887); *Prince v Clark*, 81 Mich 167, 170-171; 45 NW 663 (1890); *Salliotte v Dollarhite*, 211 Mich 269, 272; 178 NW 694 (1920); *Horvath v Langel*, 276 Mich 381, 385; 267 NW 865 (1936); *Mackey v Baker*, 327 Mich 57, 65; 41 NW2d 331 (1950); *Burton v Burton*, 332 Mich 326, 337; 51 NW2d 297 (1952); *MacKenzie v Fritzinger*, 370 Mich 284, 291; 121 NW2d 410 (1963); *Brotman v Roelofs*, 70 Mich App 719, 729; 246 NW2d 368 (1976); *Smith v First Nat'l Bank & Trust Co of Sturgis*, 177 Mich App 264, 270-271; 440 NW2d 915 (1989); *Central Cartage Co v Fewless*, 232 Mich App 517, 524-525; 591 NW2d 442 (1998); *In re Susser Estate*, 254 Mich App 232, 235; 657 NW2d 147 (2002); *Logan v Manpower of Lansing, Inc*, 304 Mich App 550, 559; 847 NW2d 679 (2014).

customer." *Al-Hajjaj v Hartford Accident and Indemnity Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359291); slip op at 4.

I recognize that *Harts* did not explicitly limit its holding to captive agents, but neither did it explicitly extend its holding to independent agents. And only the duty of a captive agent was at issue in *Harts*:[3]

> It is uncontested, indeed it is essential to the cause of action pleaded by plaintiffs, that Mr. Pietrzak was Farmers' agent. As such, under the common law, he had a duty to comply with the various fiduciary obligations he owed to Farmers and to act for its benefit. Moreover, because he was Farmers' agent, he had no common-law duty to advise plaintiffs. . . .
>
> * * *
>
> Thus, under the common law, an *insurance agent whose principal is the insurance company owes no duty to advise a potential insured about any coverage.* Such an agent's job is to merely present the product of his principal and take such orders as can be secured from those who want to purchase the coverage offered. [*Harts*, 461 Mich at 6-8 (citations omitted, emphasis added).]

There have been few published cases discussing the *Harts* rule, but they are inapplicable to this case, because, like *Harts,* they concerned only captive agents. See, e.g., *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16; 761 NW2d 151 (2008); *Holman v Farm Bureau Gen Ins Co of Mich*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 357473), rev'd in part ___ Mich ___; 990 NW2d 364 (2023).

The balance of this Court's decisions addressing whether to apply the *Harts* rule to an independent agent have been unpublished, and are therefore not binding. *Lakeside Retreats LLC v Camp No Counselors LLC*, 340 Mich App 79, 97 n 4; 985 NW2d 225 (2022). Furthermore, these unpublished cases have yielded mixed results. Some have opted to apply the *Harts* rule to all agents, regardless of whether they are captive or independent. See, e.g., *Janovski v S.J. Ferrari Ins Agency, Inc*, unpublished per curiam opinion of the Court of Appeals, issued May 24, 2016 (Docket No. 326457), p 5; *Cloverleaf Car Co v Cascade Underwriters Inc*, unpublished per curiam opinion of the Court of Appeals, issued June 16, 2022 (Docket No. 357435), p 4. Conversely, others have distinguished *Harts* in situations involving independent agents. See, e.g., *Micheau v Hughes & Havinga Ins Agency*, unpublished per curiam opinion of the Court of Appeals, issued

---

[3] The *Harts* Court relies on a Wisconsin decision, *Nelson v Davidson*, 456 NW2d 343, but fails to note that *Nelson* involved solely captive agents. *Harts* quoted *Nelson* for the principle that "if such a [special] duty is to be imposed on the [captive insurance agent], it should be imposed as a statutory one and not an implied judicial one." *Harts*, 461 Mich at 12. The same principle is applicable here; the Michigan Legislature has articulated the nature of an independent agent's duty, and if such a duty is to be eliminated it should be eliminated by statute, not by judicial fiat.

May 21, 2013 (Docket No. 307914), p 4; *Deremo v TWC & Assoc, Inc*, unpublished per curiam opinion of the Court of Appeals, issued August 30, 2012 (Docket No. 305810), p 4.

The majority's conclusion is not only contrary to the centuries-old common law of agency, it also is contrary to the controlling statute. MCL 500.1201 explicitly distinguishes insurance agents who act on behalf of the insurers and those who act on behalf of the insureds:

> (b) "Agent of the insured" means an insurance producer who is not an appointed insurance producer of the insurer with which the insurance policy is placed. An agent of the insured is treated as representing the insured or the insured's beneficiary and not the insurer.
>
> (c) "Agent of the insurer" means an insurance producer who sells, solicits, or negotiates an application for insurance as a representative of the insurer and not the insured or the insured's beneficiary. [MCL 500.1201(b) and (c).]

The majority's view begs the question: If an agent of the insured has the same duties as an agent of the insurer, and the *Harts* "special relationship" rule applies regardless of what type of agent is involved, what is the purpose of differentiating between independent and captive agents at all? If an insured cannot rely on their independent agent to represent their interests, then in what way are they agents of the insured?[4]

/s/ Douglas B. Shapiro

---

[4] Given the confusion in the wake of the *Harts* decision, I respectfully suggest that the Supreme Court grant leave in this case and provide clarification to bench and bar.

-4-