FRANCISCO DONATO, Plaintiff and Appellant, *v.* NICOLÁS CRUZ, Defendant and Appellee.

No. 8311.   Argued November 5, 1941.   Decided November 25, 1941.

*Francisco González Fagundo* for appellant.   *Faustino R. Aponte* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

This is a revendicatory action where, both in the original complaint and in a supplemental one filed, the plaintiff alleged that "the two parcels described . . . . are worth over $500." The defendants, in their answers to both complaints, set up, among others, the special defense that the property the object of the action is worth less than $500 and hence, the District Court of Humacao lacks jurisdiction to take cognizance of the case. The latter was called for trial on the day set and during the argument on the special defense, the trial judge asked.

"Then, as to the question of lack of jurisdiction, do the parties submit the same upon the evidence?"

To which plaintiff's counsel answered:

"Exactly."

The judge then said:

"The court will hear the evidence and will then decide the question of lack of jurisdiction."

Accordingly, after the evidence had been introduced, the lower court rendered the following judgment:

"This case was tried on September 12, 1939. The parties appeared through their respective counsel, Attorneys F. González Fagundo, F. R. Aponte, and Rafael S. Vidal.

"The defendants raised the question of the lack of jurisdiction of the court inasmuch as the value or price of the property involved did not exceed $500. This question of jurisdiction was submitted to the court for determination after hearing the evidence. From an examination of the evidence introduced, both oral and documentary, the court reaches the conclusion that the property described is not worth over $500 and this court is, therefore, without jurisdiction to take cognizance of the case. On this sole ground and without prejudging the merits of the other pleadings and evidence of the parties, the court dismisses the complaint and adjudges the plaintiff to pay the costs and to pay to each of the defendants the sum of $75 as attorney's fees."

Feeling aggrieved by that judgment, the plaintiff appealed, and he now urges that the lower court erred, first, in weighing the evidence and finding that the value of the property in controversy does not exceed $500; second, in disclaiming jurisdiction; and third, in adjudging the plaintiff to pay to each of the defendants the sum of $75 as attorney's fees.

In connection with the first error assigned, we have read the transcript of the evidence and it appears therefrom that there is a conflict in the evidence as to the value of the parcels sought to be recovered. There are involved two parcels of land of five and eight acres (*cuerdas*), respectively, totaling thirteen acres, where, according to the plaintiff's testimony, the only products raised were yautías, hams, sweet potatoes, plantains, and bananas which were acquired by defendant Sanabria for $300. The lower court was justified in believing the evidence for the defendants, and in the absence of any charge of passion, prejudice, or partiality, the first error assigned is nonexistent.

The appellant has devoted most of his brief to a discussion of the second error assigned, citing the well-known line of cases decided by this court and to the effect that ''ordinarily jurisdiction as dependent of the amount involved is determined by the amount claimed in the complaint or the amount from which, in the aspect of the case most favorable to the plaintiff, judgment could be rendered on the facts set out in the complaint.'' See, among others, *Turner* v. *Municipal Council of San Juan,* 24 P.R.R. 556; *Korber & Co.* v. *López,* 33 P.R.R. 29; *Méndez* v. *Casino Hijos de Borinquen,* 35 P.R.R. 270; *Hamilton* v. *Boerman,* 35 P.R.R. 496; *Nazario* v. *Muñiz,* 54 P.R.R. 49.

The doctrine laid down in said cases is not applicable to the one at bar. When seeking the recovery of the two parcels of land with an area of 13 acres, the plaintiff alleged that they were worth over $500. The defendants, in their answers to the original and amended complaints, alleged as

a special defense that the lower court was without jurisdiction by reason of the amount involved, inasmuch as the parcels in question were worth less than the jurisdictional amount. As we have already seen, upon the case being called for trial, it was stipulated by the parties that the court should pass upon such defense on the evidence introduced, what it did accordingly. The preliminary issue in the instant case was always the question of jurisdiction, and it was so admitted by the plaintiff himself when stipulating that the same should be subsequently determined on the evidence introduced by the parties.

The present case is distinguished from those above cited by the fact that in the latter the question of jurisdiction was not raised at the beginning and moreover because in most of them there were involved claims for certain sums of money, either by reason of indebtedness or on account of damages. Where the claim is based on any of those grounds, the amount claimed in the complaint is what determines the jurisdiction of the court, even though, after hearing the evidence, the same is reduced to a lesser sum than the jurisdictional amount. The general doctrine is stated in 14 Am. Jur. 408, thus:

"It is almost universally maintained that the amount claimed by the plaintiff in the ad damnum clause of his declaration, petition, or complaint or that named in the summons determines the question of the jurisdiction of a court to entertain an original proceeding, and not the value of the property involved in the controversy, as established by the evidence at the trial, or the amount found by the jury or finally recovered."

The same rule obtains in California, where the state Supreme Court held, in *Rodley* v. *Curry*, 120 Cal. 541, as follows:

"It is so well settled that the amount for which judgment is demanded in the complaint determines the jurisdiction of the court that no authorities need be cited. Any other rule would be fraught with uncertainties and mischiefs beyond the power of anticipation."

That is the same doctrine applied by this court in the cases first-above cited.

However, in the case at bar no specific amount is claimed in the complaint, where it was alleged in a general way, that the property was worth over $500 and such allegation was controverted by the special defense and the parties stipulated that the lower court should pass upon the value of the property in accordance with the evidence and should then determine the jurisdictional question raised. This was indeed the only issue or matter in controversy in the case and it was not error for the court to decide the same in the way it did.

In the third assignment the appellant complains of his having been adjudged to pay to each of the defendants $75 as attorney's fees, and in his argument thereon he states that in the instant case he was not guilty of obstinacy, as the lower court has not passed upon the rights of the parties, and that assuming the property to be worth less than $500 the sum of $150 awarded is highly excessive if account is taken, moreover, of the small amount of work done by the attorneys, since the trial was a short one and very little oral evidence was taken.

We are of opinion that the appellant is right as to the sum allowed being excessive, in view of all the circumstances of the case, and that the same must be reduced to $25 as attorney's fees on each of the defendants, and, as so modified, the judgment appealed from is affirmed.